No. 22560.

Maude Bessie Davis, Successor Trustee under the William C. Maddox Will v. Earl C. Maddox, Individually, and as Trustee under the William C. Maddox Will; Earl C. Maddox, Jr.; M and M Ice Vending Company, a Colorado Corporation; and Ice Service Company, a Colorado corporation.

(457 P.2d 394)

Decided July 28, 1969. Rehearing denied August 25, 1969.

434

J. BAYARD YOUNG, LEONARD P. PLANK, for plaintiff in error.

RALPH A. COLE, ROBERT A. SCHIFF, THOMAS C. SINGER, for defendants in error.

DONALD A. KLENE, WILLIAM J. CASKINS, JR., amici curiae.

*In Department.*

Opinion by MR. JUSTICE GROVES.

THE writ of error involved here is addressed to the action of the trial court in sustaining motions to dismiss and strike an amended complaint in intervention by a successor testamentary trustee. The facts which we set forth are in reality allegations contained in this amended complaint and in the complaint in the principal action.

The last will and testament of William C. Maddox, deceased, was admitted to probate on August 3, 1942. It provided that the decedent's property should pass in trust to his son, Earl C. Maddox; that the income from the trust estate should be paid 40% to Earl C. Maddox

and 20% to each of the decedent's three daughters; that upon the death of each child his or her share should be paid to his or her descendants; and that upon the death of the last child the trust estate shall pass to the decedent's descendants *per stirpes*. One of the daughters is Mrs. Davis, the aforementioned succeeding testamentary trustee and plaintiff in error here.

The trust came into being with Earl C. Maddox as trustee. In 1956 the three daughters of the decedent brought an action against him, alleging that he had misappropriated funds, converted property to the use of himself and members of his immediate family and in many particulars had violated his fiduciary obligations. His removal as trustee was prayed and judgment for $750,000, along with other relief, was asked: The children of Earl C. Maddox were joined as defendants in the original action. No descendants of the three daughters were parties.

In 1958 a compromise settlement of this earlier action was made pursuant to stipulation of the parties. The stipulation provided for continuance of Earl C. Maddox as trustee; employment of each of the daughters in a business operated by the trustee; payment of legal and accounting expenses; disposition of certain property; settlement of certain claims of the parties; and reciprocal releases. According to the brief of defendants in error an order and judgment was entered on the stipulation and thereafter the decedent's daughters attempted unsuccessfully in two actions to have these set aside.

In 1963 some of the decedent's grandchildren brought the principal action involved here. The defendants in this action were Earl C. Maddox, individually and as trustee, the three daughters of the decedent, other grandchildren of the decedent, and two corporations. The complaint alleges that prior to 1958 Earl C. Maddox misappropriated funds of the trust estate in the approximate amount of $1,272,000; that he violated his fiduciary duty; and that in conspiracy with other defendants he

has established businesses which compete with the trust estate to its detriment. The prayer is for injunctive relief, removal of Earl C. Maddox as trustee, an accounting, judgment in favor of the trust estate in the amount of $1,272,000, exemplary damages, and body judgment, and to set aside the aforementioned stipulation to which the plaintiffs were not parties.

The defendants in error state in their brief that Earl C. Maddox resigned as trustee on December 31, 1965, pursuant to a stipulation of the parties that he resignation was without prejudice and not an acknowledgment of any fault; and that Mrs. Davis then became the successor trustee. The will provides that she is to be the succeeding trustee upon the resignation of Earl C. Maddox.

Early in 1966 Mrs. Davis, as succeeding trustee, moved for leave to intervene and to file a complaint in intervention which was tendered with the motion. Her motion was granted on March 15, 1966. The complaint in intervention refers to property listed in Exhibit A attached thereto (but Exhibit A is not in the record here). The prayer of the complaint in intervention is for a declaratory judgment declaring the items in Exhibit A as being the property of the succeeding trustee and for an order restraining Earl C. Maddox from removing any of the property listed in Exhibit A.

On May 12, 1966 a hearing was held after notice to counsel for the parties upon a petition of the successor trustee. At the conclusion of the hearing the court granted her ten days within which to file an amended complaint. Timely filing of the amended complaint in intervention was made. It adopts all of the allegations in the complaint in the principal action and alleges that as a result the trust estate has been damaged in the amount of $1,500,000. It contains further allegations to the following effect: that as succeeding trustee she is entitled to the property listed in Exhibit A attached

to her original complaint in intervention; that as trustee Earl C. Maddox permitted the business of the trust estate "to deteriorate and waste and lose its customers" to the damage of the trust estate in the amount of $1,500,000; that Earl C. Maddox has failed to render proper accounting; and that Earl C. Maddox, his son and the two corporations, "have derived assets which are traceable to assets that either were or should have been assets of the Trust Estate and these defendants derived income from the assets * * * to the damage of the Trust Estate in the amount of $1,000,000."

■ The defendants in error filed motions to strike and to dismiss the amended complaint in intervention. The following were the sole grounds stated in these motions:

1. That the original parties, and not the succeeding trustee, are the real parties in interest;

2. That the amended complaint in intervention enlarges the scope of the matters set forth in the original complaint in intervention;

3. That the additional costs and attorneys' fees incurred as a result of the intervention places an additional and unnecessary burden upon the trust estate;

4. That certain of the parties defendant in the amended complaint in intervention were not in the original complaint in intervention (but they were all named as parties in the complaint in the principal action).

The court granted the motions to strike and to dismiss and denied Mrs. Davis' motion for a new trial without stating the reasons underlying its rulings.

Confining ourselves to the reasons set forth in the motions to strike and to dismiss we hold that such motions should have been denied. None of the grounds stated in them is sufficient to justify striking or dismissing the complaint.

■■ We regard this as an action in which the succeeding trustee is an indispensable party. In 2 *W. Barron*

*and A. Holtzoff, Federal Practice and Procedure §512,*
we find the following apt quotation:

"Indispensability of parties is determined on practical considerations and the Supreme Court has said that 'there is no prescribed formula for determining in every case whether a person is an indispensable party.' [*Niles-Bement Pond Co. v. Iron Moulders' Union Local No. 68,* 254 U.S. 77, 41 S.Ct. 39, 65 L.Ed. 145.] The classic definition of indispensable parties by the Supreme Court is: 'Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience.' [*Shields v. Barrow,* 17 How. 130, 58 U.S. 130, 15 L.Ed. 158.] This definition is frequently repeated. Thus it is said that the test of indispensability is whether the absent person's interest in the controversy is such that no final judgment or decree can be entered which will do justice between the parties actually before the court, without injuriously affecting the rights of others not brought into the action. Though injury to the absent party is the most important factor in determining indispensability, other factors which have received recognition in opinions include the danger of inconsistent decisions, avoidance of a multiplicity of suits and the reluctance of a court to render a decision which will not finally settle the controversy before it."

Present trust property is involved here. In the event that a money judgment is recovered in the action, it will be property of the trust. In such a situation the holder of the legal title should be a party. The defendants in error state in their brief, "The outcome of the case can in no way affect the trust or the successor trustee." This is obviously an incorrect statement.

It may well be that objections to the amended complaint in intervention, other than those presented in the motion, may be made. The ruling in this opinion, how-

ever, is confined to the grounds as set forth in the motions.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Mr. Chief Justice McWilliams, Mr. Justice Kelley and Mr. Justice Lee concur.