496 P.2d 1080 (1972)
Emmett John McGINN, Petitioner,
v.
INDUSTRIAL COMMISSION of Colorado (Ex-officio Unemployment Compensation Commission of Colorado) and Frontier Airlines, Incorporated, Respondents.
No. 71-401.
Colorado Court of Appeals, Div. I.
May 9, 1972.
*1081 Vernon P. Playton, Denver, for petitioner.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Robert L. Harris, Asst. Atty. Gen., Denver, for respondent Industrial Comm. of Colo. (Ex-officio Unemployment Compensation Comm. of Colo.).
Selected for Official Publication.
DWYER, Judge.
This is an unemployment compensation case. Petitioner, Emmett J. McGinn, filed a claim for unemployment compensation after he was discharged by his employer, Frontier Airlines, Incorporated. His claim was denied by a deputy of the Division of Employment, but after a hearing before a referee of the Division, he was given a full award of benefits. The employer appealed the referee's decision to the Industrial Commission. However, no transcript of the testimony before the referee could be prepared because of a mechanical failure of the recording equipment used at the hearing. The Division of Employment then "rescheduled" the hearing. The second hearing was held before a different referee. The referee certified to the Commission a transcript of the testimony taken at the second hearing, but he made no findings of fact nor conclusions of law. Upon the basis of this transcript, the Commission reversed the referee's decision and entered a final order of no award of benefits. Claimant then filed this petition to review the Commission's adverse decision.
The employer contended that the claimant was discharged because he failed to return to work as scheduled after an authorized vacation; because he was seen sleeping on the job; and because he had issued the wrong fluid to an aircraft technician for servicing the nose gear assembly of an airplane. 1965 Perm.Supp., C.R.S.1963, 82-4-8(6) (a), provides that if the Division determines an employee was separated for such reasons, then the employee shall be given no award of benefits. Whether such reasons existed was a disputed issue of fact at both hearings. On these factual questions, the testimony of claimant was in direct conflict with the testimony of witnesses for the employer.
The referee resolved the factual issues in claimant's favor, and if claimant's testimony is accepted as true, the referee's findings are supported by the record. The claimant contends that since the credibility of the witnesses was the decisive issue the Commission on review cannot overturn the referee's decision except for an abuse of discretion or an error of law.
Claimant's position is contrary to the statutes which delineate the powers of the Commission. The Industrial Commission, serving ex-officio as the Unemployment Compensation Commission, is authorized by statute to make findings of fact. Such authority necessarily includes the power to determine the credibility of the witnesses and the weight to be given *1082 their testimony. C.R.S.1963, 82-5-6, provides:
"The commission on its own motion may affirm, modify, or set aside any decision of a referee on the basis of the evidence, previously submitted in such case, or direct the taking of additional evidence.. . . The commission may remove to itself or transfer to another referee the proceedings on any claim pending before a referee."
The Commission has the ultimate responsibility for making the final findings of fact necessary to support its decision. Judicial review by the Court of Appeals is limited to a review of the Commission's findings and decision. 1969 Perm.Supp., C.R.S.1963, 82-5-11.
There is sufficient evidence in the record to support the Commission's findings and award. Where the evidence is conflicting and susceptible of conflicting inferences, the Commission's decision will be upheld if that decision is based on a choice between plausible views of the weight of the evidence or a choice between plausible inferences from the evidence. Curtis v. Industrial Commission, 167 Colo. 462, 447 P.2d 1012; Tague v. Coors Porcelain Co., 30 Colo.App. 158, 490 P.2d 96.
Order affirmed.
SILVERSTEIN, C. J., and SMITH, J., concur.