**Jackie R. MATTHEWS, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of the State of Colorado, Acme Delivery Service, Inc., and Western Surety Company, Respondents.**

**No. 79CA0975.**

Colorado Court of Appeals, Division II.

March 27, 1980.

Fogel, Keating & Wagner, P. C., James M. Robinson, Denver, for petitioner.

J. D. MacFarlane, Atty. Gen., William Levis, Asst. Atty. Gen., Denver, for respondent Industrial Commission.

Glasman, Jaynes & Carpenter, James L. Carpenter, Denver, for respondent Acme Western Cas.

BERMAN, Judge.

This matter comes before the Court upon the Industrial Commission's motion to dismiss the petition for failure "to name the Director of the Colorado Division of Labor as an indispensable party in accordance with § 8–53–107 and 108, C.R.S.1973."

The concept that the Director of the Colorado Division of Labor is an indispensable party to an action to review an Industrial Commission order is erroneous. The only indispensable party is the Industrial Commission. It is the Commission that makes the final determination of claims. The Director, referee, or deputy who hears the claim in its initial phases makes recommendations and findings which the Commission is free to overrule and set aside, § 8–74–104(1), C.R.S.1973 (1979 Cum. Supp.), without any need to take additional evidence. *See McGinn v. Industrial Commission*, 31 Colo.App. 6, 496 P.2d 1080 (1972); *In re Claim of Allmendinger v. Industrial Commission*, 40 Colo.App. 210, 571 P.2d 741 (1977).

The Director may be made a party or not, at the discretion of the petitioner,

and the failure to make the Director a party is not a jurisdictional defect which would require the dismissal of the appeal. Section 8–53–108, C.R.S.1973 (1979 Cum. Supp.). Only where the appeal concerns a question involving a statutory duty of the Director which concerns a mandatory exercise of discretion, *see K. Davis, Administrative Law* § 24.03 (1958), must he be named as an indispensable party. *E. g.*, §§ 8–1–103(1) and 107(2), C.R.S.1973. However, as a matter of law, the Director's statutory obligation under § 8–40–102, C.R.S.1973 (1979 Cum.Supp.), "to enforce and administer the provisions of Articles 40 to 54" is purely ministerial in character. It is a car-dinal principle that a public officer will carry out his official duties, such as enforcement of an order of the court, *see Town of Frisco v. Brower*, 171 Colo. 441, 467 P.2d 801 (1970), and therefore, the fulfillment of this statutory obligation does not make the Director an indispensable party.

Motion denied.

PIERCE and VAN CISE, JJ., concur.