Wolf & Slatkin, P. C., H. Paul Cohen, Denver, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Robert S. Hyatt, Asst. Atty. Gen., Denver, for respondent.

VAN CISE, Judge.

Petitioner commenced this action for review by serving a copy of her petition on the Industrial Commission and by filing her petition with this court on September 29, 1980, 20 days after entry of the final order of the Commission. The former employer, Southland Corporation d/b/a 7–11 Food Stores, was not included as a party to this action for review.

On October 29, the respondent Commission moved to dismiss the petition on the ground of failure to join an indispensable party—the former employer. On November 5, the petitioner filed an amended designation of parties, adding the former employer as a respondent, and at the same time filed a response to the motion. In her response

In re the Matter of the Claim of
**Raymonda SAKAL, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of the State of Colorado, Respondent.**

No. 80CA0937.

Colorado Court of Appeals,
Division II.

Nov. 20, 1980.

she cited *Matthews v. Industrial Commission*, Colo.App., 609 P.2d 1127 (1980), in which this court stated that: "[t]he only indispensable party [to an action to review an Industrial Commission order] is the the Industrial Commission."

The statement in *Matthews, supra,* must be read in context. The issue there was whether the Director of the Colorado Division of Labor was an indispensable party in an action in which the Commission, the former employer, and its insurer were already respondents. In that case, it was held that the Director need not be joined also.

The instant case is apparently an appeal of an unemployment compensation claim. The former employer has not been made a party to this appeal, although it has an interest which could be adversely affected by the outcome of this appeal and is, therefore, an indispensable party. *Davis v. Maddox*, 169 Colo. 433, 457 P.2d 394 (1969). Pursuant to § 8–76–103, C.R.S. 1973 (1979 Cum.Supp.), the future contributions assessed against an employer are based on the benefit experience of that employer; the total benefits which are charged to the employee's account from unemployment compensation claims which are granted are used to compute the employer's contribution rate.

The employer not having been made a party at the commencement of this action on September 29, and the final order appealed from having been entered September 9, 1980, the appeal was not perfected in this court within the jurisdictional time limits of § 8–74–107(2), C.R.S. 1973 (1979 Cum. Supp.). *See Washburn v. Industrial Commission*, 153 Colo. 500, 386 P.2d 975 (1963). *See also Norby v. City of Boulder*, 195 Colo. 231, 577 P.2d 277 (1978); *Board of County Commissioners v. Carter*, 193 Colo. 225, 564 P.2d 421 (1977). The attempt to join the employer on November 5 was too late to cure this jurisdictional defect; perfection of the appeal includes the correct joinder of indispensable parties within the original 20 day period. *See Civil Service Commission v. District Court*, 186 Colo. 308, 527 P.2d 531 (1974).

It is therefore ordered that the appeal is dismissed.

PIERCE and BERMAN, JJ., concur.