Kristine E. JOHNSON, Petitioner,

v.

The INDUSTRIAL COMMISSION OF COLORADO and Division of Employment, Respondents.

No. 81CA1101.

Colorado Court of Appeals, Div. III.

July 22, 1982.

Rehearing Denied Aug. 19, 1982.

Kristine E. Johnson, pro se.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Robert S. Hyatt, Asst. Atty. Gen., Denver, for respondents.

KELLY, Judge.

Claimant, Kristine E. Johnson, seeks review of the final order of the Industrial Commission disqualifying her from the receipt of unemployment compensation benefits pursuant to § 8–73–108(5), C.R.S. 1973 (1980 Cum.Supp.), and requiring repayment of amounts overpaid pursuant to § 8–81–101(4), C.R.S. 1973 (1980 Cum.Supp.). We dismiss the petition for review.

Claimant received unemployment compensation benefits after her employment as a health care specialist for Rocky Mountain Planned Parenthood was terminated in April 1980. The Industrial Commission entered a final order on October 27, 1981, finding that claimant had refused a referral to suitable work.

Claimant petitioned for review of this order on November 12, 1981, within the twenty-day time limit required by § 8–74–107(2), C.R.S. 1973 (1981 Cum.Supp.). However, she failed to join her former employer, Rocky Mountain Planned Parenthood. In *Sakal v. Industrial Commission,* 620 P.2d 65 (Colo.App.1980), we held that the former employer is an indispensable party to the review of an Industrial Commission order. Although the claimant here was receiving extended benefits under § 8–75–101, et seq., C.R.S. 1973 (1981 Cum.Supp.), such benefits are partially charged against employer's account. *See* 20 C.F.R. 615.10 and 615.15(b). Thus, the employer is an indispensable party to the review of an Industrial Commission order concerning extended benefits. Moreover, failure of the Industri-

al Commission to join the employer in its original proceeding against claimant does not relieve her of the obligation to join such an employer as an indispensable party on review. We are without jurisdiction to consider either her petition for review or the question whether the employer was also an indispensable party before the Industrial Commission.

Accordingly, the petition for review is dismissed.

SMITH, J., concurs.

KIRSHBAUM, J., dissents.

KIRSHBAUM, Judge, dissenting.

I respectfully dissent from the majority's conclusion that Rocky Mountain Planned Parenthood is an indispensable party to this appeal.

In April of 1980, claimant was terminated from her position as a health care specialist for Rocky Mountain in Canon City, Colorado. Claimant had been employed continuously in social work and health care fields from 1968, when she acquired a B.A. degree in social work, until 1980. She earned $7.40 per hour at the time of her discharge. Upon filing a claim for unemployment compensation benefits with the Commission's Canon City office, claimant was awarded such benefits from April 20 to October 25, 1980.

On November 11, 1980, claimant's husband obtained a new job in Gunnison, Colorado. Having accompanied her husband to Gunnison, claimant reopened her original claim, effective November 9, with the Gunnison Job Service Center. She also filed a claim for extended benefits effective November 30, 1981.

On November 14, 1980, claimant visited the Colorado Department of Health Family Planning Office in Gunnison to apply for a position in her field of expertise. Later that day the Gunnison Job Service Center referred her to a position as teller with the First National Bank of Gunnison, at minimum wages. Because she believed that a better paying job in her field of expertise would develop at the Family Planning Office, claimant refused this referral.

In the first week of December 1980, claimant, on her own, began discussions with the Blue Spruce Clinic of Gunnison regarding employment as a health clinician. She obtained such employment in early January 1980, at an hourly wage which exceeded the hourly wage she had earned while employed by Rocky Mountain. It is uncontradicted that claimant is a skilled and accomplished health care specialist.

While she was negotiating with the Blue Spruce Clinic, the Gunnison Job Service Center referred claimant to three other positions—one machine operator job and two general housekeeping jobs. The hourly wages for such positions were $3.10, $4.00, and $4.25. Claimant refused each of these referrals on the basis of her negotiations with the Blue Spruce Clinic.

On May 6, 1981, the Division of Employment and Training (the Division) of the Department of Labor and Employment (the Department) in Denver, Colorado, mailed three "Notice of Decision" forms and a "Notice of Overpayment of Benefits" form to claimant. The Division concluded that claimant was not justified in refusing the four job referrals in November and December 1980 and that, therefore, she was disqualified from receiving benefits for a period of twenty weeks. The Notice of Overpayment stated that any person who received benefits to which such person was not entitled would be required to repay such funds to the Division.

Claimant appealed the Division's ruling, and a hearing before a referee was set by the Department for June 23, 1981. The notice of hearing, prepared and mailed by the Department, identified only the Division as the employer. The referee concluded that claimant's rejection of the November 1980 bank referral was not justified. However, the referee found that claimant was justified in refusing the three December referrals and reversed the Division's orders respecting those matters. The referee's order states that the Division is the "interested party" to the proceeding.

Claimant appealed, and the Commission adopted and affirmed the referee's decision.

The caption of the Commission's order denotes two parties only to the administrative proceeding: claimant, and the Division of Employment as "Interested Party." The Commission's certificate of mailing notes that only claimant and an official of the "Reimbursement Unit" received copies of its final decision.

Relying upon this court's decision in *Romero v. Industrial Commission,* 44 Colo. App. ——, 616 P.2d 992 (1980), claimant timely sought review of the Commission's final order. The Commission has not asserted any jurisdictional challenge to claimant's appeal.

When examined in the light of the foregoing factual and procedural setting, I conclude that Rocky Mountain is not an indispensable party to this appeal. Thus, the question of its participation in these proceedings is not a jurisdictional issue, and we may not raise it *sua sponte.*

Claimant seeks review of an order culminating an administrative proceeding initiated by the Division's Gunnison office. Rocky Mountain was not joined as an interested party at any stage of that proceeding. The mere possibility that Rocky Mountain's contributions to the Department's unemployment compensation fund might be affected by the outcome of that agency process does not render that entity an indispensable party for purposes of review of these proceedings. C.R.C.P. 19.

*Sakal v. Industrial Commission,* 620 P.2d 65 (Colo.App.1980), relied upon by the majority, determined only that an employee who initiates administrative proceedings to obtain unemployment compensation benefits, at which proceedings the employer's interests were represented, must join the employer in any review of the order concluding such administrative process. Here the agency initiated the administrative proceedings. It failed to notify claimant's employer, and the employer did not participate in any of these proceedings. Nothing in the record before this court remotely suggests that the employer's interests will actually be affected by the Commission's decision.

Nor does the record suggest that Rocky Mountain's position was at any time contrary to claimant's position during the proceedings involving claimant's requests for benefits. To the extent the employer had any interest in the Commission's orders of refund, the Commission fully represented such interest. Thus, the adverse interest which characterized the position of the employer in *Sakal v. Industrial Commission, supra,* is not present here. Rocky Mountain was not and is not a party to the agency action which is the subject of this review proceeding. Hence, its participation is not a jurisdictional requisite.

Finally, I conclude that the logic of the majority opinion requires reversal, not affirmance, of the trial court's order. If Rocky Mountain is indeed an indispensable party to this refund proceeding, it was so when the Division initially ordered claimant to return prior payments. Having failed to join such indispensable party to the proceedings, the Division, the Department, and the Commission were without jurisdiction to proceed against claimant. If the majority's views are correct, the Commission's order is void because it had no jurisdiction to enter it in the absence of Rocky Mountain.