Thomas F. ASCHE, Petitioner,

v.

INDUSTRIAL COMMISSION OF the STATE OF COLORADO (Ex-Officio Unemployment Compensation Commission of Colorado) and Colorado Division of Employment, and Crestwood Condominium Assn., Respondents.

and

Caryn L. ASCHE, Petitioner,

v.

INDUSTRIAL COMMISSION OF the STATE OF COLORADO (Ex-Officio Unemployment Compensation Commission of Colorado) and Colorado Division of Employment, and Crestwood Condominium Assn., Respondents.

No. 81SC38.

Supreme Court of Colorado,
En Banc.

Nov. 8, 1982.
Rehearing Denied Dec. 12, 1982.

Linda J. Olson, Denver, for petitioners.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., David L. Lavinder, Asst. Atty. Gen., Denver, for respondents.

HODGES, Chief Justice.

We granted certiorari to review orders of dismissal by the court of appeals as to separate appeals by the petitioners. Their failure to join an indispensable party within the time limit set forth in section 8–74–107(2), C.R.S.1973 (1981 Supp.) was the basis for the dismissals in these court of appeals' numbered cases 80CA0977 and 80CA0978. We reverse.

The petitioners, husband and wife, were discharged from their employment with the Crestwood Condominium Association (employer). They applied for unemployment compensation benefits, but were awarded only partial benefits on the ground that their employment was terminated because of insubordination and tardiness. Section 8–73–108, C.R.S.1973 and amendments in 1981 Supp.

By the time they received word of this decision, the petitioners had moved to Kentucky. They contested the partial awards and a hearing was scheduled by the Division of Employment in Kentucky. A regulation of the Division of Employment allows

an agency of another state to take evidence for use of the division. It was, however, subsequently cancelled when the Colorado Division of Employment set the matter for a telephone hearing.

On May 6, 1980, a division referee conducted the telephone hearing. The petitioners did not have a telephone at home, and therefore placed their call from a grocery store. The employer's representative was in a Denver hearing room with the referee during the telephone hearing.

The following day, the referee issued his decision affirming the reduction in benefits. Petitioners properly sought review by the Industrial Commission which affirmed. Petitioners then appealed to the Colorado Court of Appeals which dismissed their appeal for their failure to timely join their former employer, Crestwood. Relying on *Sakal v. Industrial Commission,* Colo.App. 620 P.2d 65 (1980), the court of appeals held that the petitioners' former employer was an indispensable party to the appeal. Because their employer was not joined within the time limit provided in section 8–74–107(2), C.R.S.1973 (1981 Supp.) for commencing an appeal, the court of appeals ruled that the appeal was not properly perfected and therefore it had no jurisdiction to review the case.

■ The court of appeals erred in applying a conclusive presumption that the employer is an indispensable party in this appeal. An employer's status as an indispensable party in unemployment compensation appeals is not automatic but must be determined on the facts of each case. *Civil Service Commission v. District Court,* 185 Colo. 179, 522 P.2d 1231 (1974). As stated in *Davis v. Maddox,* 169 Colo. 433, 457 P.2d 394, 396 (1969):

" 'Indispensability of parties is determined on practical considerations and the Supreme Court has said that "there is no prescribed formula for determining in every case whether a person is an indispensable party" [*Niles-Bement Pond Company v. Iron Moulders Union Local No. 68,* 254 U.S. 77, 41 S.Ct. 39, 65 L.Ed. 145].' "

Quoting from 2 *W. Baron and A. Holtzoff, Federal Practice and Procedure § 512.*

The petitioners contended in their appeal that the telephone hearing as conducted by the referee of the Division of Employment deprived them of their due process rights. In support of this claim it was alleged, among other things, that the referee either misheard or did not hear testimony by one of the petitioners in the course of the telephone hearing and that this is evidenced by the transcription of the telephone hearing.

■ The appeal of the petitioners to the court of appeals questions whether the petitioners' due process rights to a full and fair hearing were violated by this telephone hearing. This issue involves a procedure employed by Division of Employment, and in the face of the challenge to this procedure made by the petitioners, it is the task of the Division of Employment and the Industrial Commission to overcome it by demonstrating to the court of appeals by legal argument on the basis of the record of this telephone hearing that it was a valid and proper procedure. The employer has no direct involvement in this issue and therefore is not an indispensable or necessary party.

■ As to the other issue of whether there is sufficient evidence in the record to support the reduced awards, the court of appeals, having jurisdiction of the case may, if it is necessary to resolve this issue, proceed to consider it because the employer is a party to this appeal even though not added as a party within the time limit mentioned in section 8–74–107(2), C.R.S.1973 (1981 Supp.).

The judgments of the court of appeals dismissing the petitioners' appeals are reversed.