SAMSONITE CORPORATION, a Colorado corporation, Petitioner,

v.

INDUSTRIAL COMMISSION OF the STATE OF COLORADO (Ex-Officio Unemployment Compensation Commission of Colorado), and Carlo Lombardi, Respondents.

No. 82CA0768.

Colorado Court of Appeals, Div. I.

May 19, 1983.

Eileen R. Lerman, Associate Gen. Counsel, Samsonite Corp., Denver, for petitioner.

J.D. MacFarlane, Atty. Gen., Christa D. Taylor, Asst. Atty. Gen., Denver, for respondent Industrial Com'n.

SMITH, Judge.

Petitioner, Samsonite Corporation, seeks review of an order of the Industrial Commission awarding full unemployment compensation benefits to Carlo Lombardi. We affirm.

Lombardi, an employee at Samsonite Corporation, was discovered during his work shift lying down on a bench some twenty minutes before his scheduled break. After an investigation of the incident, Samsonite discharged Lombardi for sleeping on the job. Subsequently, acting on his claim for unemployment benefits, a referee found that Lombardi had been discharged for sleeping on the job and disqualified him from benefits pursuant to § 8–73–108(9)(a)(XX), C.R.S.1973 (1982 Cum.Supp.) of the Colorado Employment Security Act. This determination by the referee was appealed to the Industrial Commission.

In that appeal, Lombardi argued *inter alia,* that the referee had failed to take into consideration that at the time of the incident at issue he had been ill and was on medication which could make him suddenly drowsy. The Commission agreed and held that §§ 8–73–108(4)(b)(II) and 8–73–108(9)(a)(XX), C.R.S.1973 (1982 Cum.Supp.) was applicable. It found that Lombardi was taken by a sudden drowsiness, connected to his illness, which precluded his notification of his superior and forced him to lie down to recover. Accordingly, the Commission found that Lombardi was not at fault and awarded him full benefits.

## I.

The first issue which must be addressed is whether the failure to give timely notice to the Industrial Commission of the

petition for review filed in this court requires dismissal of the petition. We conclude that dismissal is not mandated.

The Industrial Commission affirmed its findings of fact and order, as a final order, on June 10, 1982. The petition for review was timely filed with this court by Samsonite on June 29, 1982. The record reveals that the Industrial Commission did not receive its copy of the petition for review until July 1, 1982. Petitioner, having filed its petition for review in this court within the statutory 20-day period of time, its failure to effect service of process on the Commission until after the expiration of such period did not divest this court of the jurisdiction which attached upon the filing of the petition. *Board of County Commissioners v. Industrial Commission,* 664 P.2d 256, (Colo.App.1983).

## II.

In its petition, Samsonite contends that the Commission acted beyond its powers and reversed the referee's decision without sufficient evidence to do so. We disagree.

Section 8–74–104, C.R.S.1973 (1982 Cum. Supp.) provides as follows:

"The Commission, on its own motion or upon petition to review by any interested party, may affirm, modify, reverse, or set aside any decision of a hearing officer on the basis of the evidence previously submitted in the case. The Commission may also take additional evidence, or it may remand to the division for the taking of additional evidence and a new decision."

■ Thus, the Industrial Commission, in unemployment compensation cases, is the ultimate trier of fact, and our review is limited to a determination of whether there is sufficient competent evidence to support the Commission's findings. *McGinn v. Industrial Commission,* 31 Colo.App. 6, 496 P.2d 1080 (1972).

■ Our review of the record reveals conflicting testimony as to how and why Lombardi came to be lying on the bench and whether or not he was asleep. Further, as was within its power to do, the Commission *took additional evidence* which related to the type of medication Lombardi was taking. We do not agree with the assertion that this was hearsay. It was not offered as proof of the matter asserted, *see* CRE 801, but, rather, merely identified the type of medication Lombardi was taking and its possible effects. Even without this evidence, the Industrial Commission had sufficient, though conflicting, evidence as to what occurred. Under such circumstances, the Commission's decision will be upheld. *McGinn v. Industrial Commission, supra.*

## III.

■ Finally, Samsonite contends the Commission erred as a matter of law when it found that § 8–73–108(4)(b), C.R.S.1973 (1982 Cum.Supp.) applied to this matter. Again, we disagree.

It was properly determined that the provisions of § 8–73–108(9)(a)(XX), C.R.S.1973 (1982 Cum.Supp.) applied in this case. Just as properly, the Commission found that the language of the statute provided exceptions to the denial of benefits. These exceptions are found in § 8–73–108(4)(b), C.R.S.1973 (1982 Cum.Supp.). The Commission relied on § 108(4)(b)(II), C.R.S.1973 (1982 Cum. Supp.) in reaching its decision. This section provides that:

"In the event of an injury or sudden illness of the worker which would preclude notification of the employer prior to such occurrence, the failure of the worker to notify the employer prior to such occurrence, will not in itself constitute a reason for denial of benefits if the worker has notified the employer at the earliest practicable time after such occurrence."

Samsonite contends it did not receive the notice required by the statute. This contention is erroneous.

The evidence demonstrates that as soon as Lombardi was questioned by his superiors, he told them he had felt dizzy and had to lay down. Samsonite was also told, during its investigation of the matter, why Lombardi had laid down and that he sus-

pected that his medication had made him drowsy. The statute does not require, as argued by Samsonite, written notice. Thus, the elements required in § 108(4)(b)(II) were to be found in the evidence. Although there was conflicting evidence, the Commission is the final arbiter. *McGinn v. Industrial Commission, supra.* Accordingly, as there is sufficient evidence to justify the application of § 8–73–108(4)(b)(II), C.R.S. 1973 (1982 Cum.Supp.) to this case, we find no error in the Industrial Commission's award of full benefits.

The order is affirmed.

STERNBERG and COYTE,* JJ., concur.

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1982 Cum.Supp.).