Kathryn A. WILLIAMS, Claimant In the Matter of the Death of Randy L. Williams, Petitioner,

v.

FIREMAN'S FUND INSURANCE CO., Randall & Blake, Inc., The Industrial Commission of the State of Colorado, Peter Nims, Mike L. Baca and Richard J. Wise, individually and as members of the Industrial Commission of the State of Colorado, and Charles McGrath, individually and as Director of the Division of Labor, Respondents.

No. 82CA1073.

Colorado Court of Appeals, Div. III.

Sept. 1, 1983.

Watson, Nathan & Bremer, P.C., Mark H. Dumm, Denver, for petitioner.

Demoulin, Anderson, Campbell & Laugesen, P.C., Robert L. McGahey, Jr., Denver, for respondents Fireman's Fund Ins. Co. and Randall & Blake, Inc.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Alice L. Parker, Asst. Atty. Gen., Denver, for respondents Industrial Com'n and Director of the Div. of Labor.

TURSI, Judge.

Kathryn Williams seeks review of the Industrial Commission's denial of her claim for workmen's compensation benefits following the death of her husband, Randy Williams on June 29, 1979. We agree with her contention that the Commission erred in finding that she was not entitled to spousal benefits under § 8–50–101, C.R.S.1973, and therefore set aside the negative award.

It is undisputed (a) that Kathryn and Randy were formally married on November 18, 1978, (b) that Melissa is the child of Kathryn and Randy, and (c) that at the time of Randy's death Kathryn was living with him as his wife and she was dependent upon him for support. At the time of Randy's death, a 1976 interlocutory judgment issued by the California Superior Court dissolving Randy's previous marriage to Cheryl Williams and ordering him to pay child support for their two children had not been reduced to final judgment.

Liability is not disputed by the carrier. Kathryn and Cheryl each filed claims requesting benefits for themselves as surviving spouses and for their respective children. The hearing officer denied Cheryl's claim, and this ruling has not been appealed. The hearing officer found that Kathryn was not Randy's lawful spouse at his death because Randy had not received a final decree of divorce from Cheryl. On the basis of this finding, the hearing officer concluded that Kathryn did not qualify as a

widow under § 8–50–101 of the Workmen's Compensation Act and her claim was denied. All three children were granted the benefits requested.

Kathryn moved to reopen her claim after the California court entered a final order dissolving the marriage of Cheryl and Randy on December 21, 1979, *nunc pro tunc* as of August 18, 1976, pursuant to Cal.Civ. Code § 4515. The claim was reopened and the hearing officer affirmed her earlier order denying Kathryn relief.

I

The issue raised by this petition for review is whether a claimant who would qualify as a spouse but for decedent's failure before his death to reduce an interlocutory decree dissolving a prior marriage to final judgment, is entitled to benefits under § 8–50–101(1)(a), C.R.S.1973 (1982 Cum. Supp.). We answer in the affirmative.

■ In compensation proceedings where, as here, a claimant must establish a marital relationship to the deceased, the domestic relations law of the state where the marriage was contracted is controlling. 2 *A. Larson, Workmen's Compensation Law* § 62.21(b) at 11–5 (1980).

"Probably the most that can be said about the application of domestic relations law to compensation claims is that, because of the beneficent character of the legislation, established definitions and rules will usually be stretched as far as precedents will allow, to take care of meritorious claims of dependency." 2 *A. Larson, supra* § 62.21(c) at 11–9.

■ While it is true that a marriage entered into prior to the dissolution of a previous marriage is prohibited in Colorado, § 14–2–110, C.R.S.1973, an innocent party to such a marriage is not deprived of the *rights* conferred upon a legal spouse. Section 14–2–111, C.R.S.1973, states, in pertinent part:

"Any person who has cohabited with another to whom [s]he is not legally married in the good faith belief that [s]he was married to that person is a putative spouse until knowledge of the fact that [s]he is not legally married terminates [her] status and prevents acquisition of further rights.... *A putative spouse acquires the rights conferred upon a legal spouse ... whether or not the marriage is prohibited under section 14–2–110."* (emphasis supplied)

■ Kathryn meets the definition of a putative spouse since the record indicates that she did not discover the illegality of her marriage until the date of the hearing. As Randy's putative spouse, upon his death, Kathryn acquired the legal spouse's right to compensation. Section 8–50–105, C.R.S. 1973; *Tucker v. Claimants in Death of Gonzales,* 37 Colo.App. 252, 546 P.2d 1271 (1975). Thus, it was error for the hearing officer to deny her claim.

II

■ Respondents again raise the issue that the Industrial Commission was not a named party respondent in the caption of the original designation of parties and petition for review. A different division of this court granted petitioner's motion to amend the caption and denied respondent's motion to dismiss for failure to join an indispensable party. However, since a question as to jurisdiction may be raised at any time, we address this issue.

The caption includes the statement that it is a petition for review of an order of the Industrial Commission of Colorado and identifies the specific matter on which review is sought by case number. The form further states that the Industrial Commission will be represented by the Attorney General and copies of all the pleadings were timely served upon the Industrial Commission. This designation is sufficient to permit the Industrial Commission to participate as a respondent if it so chooses and to prevent prejudice to its interests. No prejudice is claimed on behalf of the employer or its carrier.

We therefore hold that the prior order allowing petitioner to amend the caption to show the Industrial Commission as a named respondent was proper. *See In re Beaver v.*

*United Parcel Service,* 670 P.2d 808 (Colo. App.1983). *See also Shaklee v. District Court,* 636 P.2d 715 (Colo.1981) and *Converse v. Zinke,* 635 P.2d 882 (Colo.1981).

### III

Kathryn also contends that, upon reopening her claim, the commission erred in failing to give full faith and credit to the *nunc pro tunc* final order dissolving Randy's California marriage, thus removing the impediment to her marriage. However, because of our holding on the issue of "putative spouse," we need not address the full faith and credit issue.

The order of the Industrial Commission is set aside and this matter is remanded for entry of an award of spousal benefits to Kathryn.

BERMAN and VAN CISE, JJ., concur.