**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Petitioner,**

**v.**

**INDUSTRIAL COMMISSION OF The STATE OF COLORADO and Colorado Division of Employment, Respondents.**

**No. 83CA1342.**

Colorado Court of Appeals, Div. III.

March 15, 1984.

Juan E. Vigil, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., James R. Hubbard, Asst. Atty. Gen., Denver, for respondents.

STERNBERG, Judge.

This matter is before us for consideration of the motion to dismiss filed by the Industrial Commission. The motion alleges that the Equal Employment Opportunity Commission (petitioner) failed to name an indispensable party, to-wit the claimant-employee, in its petition to review the final order of the Industrial Commission. The motion contends that this constitutes a failure to join an indispensable party within the statutory time limit and deprives this court of jurisdiction. We agree and dismiss the petition.

Petitioner's response to the motion to dismiss is that, similar to an employer, an employee's status as an indispensable party should not be automatic and should be determined under the facts of each case. *See Asche v. Industrial Commission*, 654 P.2d 813 (Colo.1982). Petitioner further asserts that the Industrial Commission is "[t]he only indispensable party," *see Matthews v. Industrial Commission*, 44 Colo.App. 159, 609 P.2d 1127 (1980), and that to the extent the claimant has an interest in the Commission's final decision, the Commission is fully representing such interest in the proceeding before us.

■ In *Sakal v. Industrial Commission*, 620 P.2d 65 (Colo.App.1980), the claimant failed to join her former employer as a party. In response to a motion to dismiss, the claimant asserted in reliance on *Matthews v. Industrial Commission*, *supra*, that the Commission was the only indispensable party. However, this court rejected that assertion holding that the quoted statement in *Matthews* must be read in context since the issue in *Matthews* was whether the Director of the Colorado Division of Labor was an indispensable party in addition to the Commission. This court dismissed the claimant's petition in *Sakal* holding:

"The former employer has not been made a party to this appeal, although it has an interest which could be adversely affected by the outcome of this appeal and is, therefore, an indispensable party. *Davis v. Maddox*, 169 Colo. 433, 457 P.2d 394 (1969)."

Applying the test set forth in *Sakal* and *Davis v. Maddox, supra*, we conclude the claimant is an indispensable party here because her entitlement to unemployment benefits could be adversely affected by the outcome of this proceeding.

■ The petitioner's failure to perfect its petition for review by joining all indispensable parties within the jurisdictional time limits of § 8–74–107(2), C.R.S. (1983 Cum. Supp) deprives this court of jurisdiction and mandates dismissal of the petition. *Sakal v. Industrial Commission, supra*.

Petition dismissed.

BABCOCK and METZGER, JJ., concur.