In the Matter of the Claim of Marvin
E. NEWMAN, Petitioner,

v.

McKINLEY OIL FIELD SERVICE and
Travelers Insurance Company,
Respondents.

No. 83SC165.

Supreme Court of Colorado,
En Banc.

Dec. 10, 1984.

As Modified on Denial of Rehearing
Feb. 4, 1985.

**239**

the Department of Labor in May of 1976, requesting compensation for temporary and permanent partial disability. McKinley and its insurer, Travelers Insurance Company (Travelers), entered appearances as respondents in the administrative proceeding.

Hearings were held before two hearing officers of the Department, and the record reflects that Newman, the Department and others explored numerous rehabilitation alternatives in connection with his injury. However, on August 24, 1981, a hearing officer entered an order dismissing Newman's claim for permanent partial disability on the ground that under section 8–51–110(3), 3 C.R.S. (1984 Supp.), Newman's conduct with respect to potential vocational rehabilitation programs "justif[ied] a finding that claimant has no permanent disability compensable under the Act." [1] On August 24, 1982, the Commission entered a final order affirming the referee's dismissal of Newman's claim.

Within the applicable time limitation,[2] Newman filed a petition for review of the Commission's final order in the Colorado Court of Appeals and served a copy of his petition on the Commission. The petition's caption lists McKinley and Travelers as respondents. Although the caption does not refer to the Commission, the first sentence of the petition states as follows:

> COMES NOW the Claimant, Marvin E. Newman, ... and petitions this Honorable Court for review of the Industrial Commission's Order.

Mellman, Thorn, P.C., Gerald N. Mellman, Denver, for petitioner.

Greengard, Blackman & Senter, Scott R. Cook, Lawrence D. Blackman, Denver, for respondents.

KIRSHBAUM, Justice.

Claimant, Marvin E. Newman, seeks review of a Colorado Court of Appeals order dismissing his petition for review of a final order of the Industrial Commission. We reverse.

In September of 1975, Newman injured his back while employed by McKinley Oil Field Service (McKinley). He filed a claim for workmen's compensation benefits with

1. That statute provides as follows:
    (3) So long as the employee, after written request by the employer or insurer, refuses to submit himself to medical examination or in any way obstructs the same, his right to collect, or to begin or maintain any proceeding for the collection of, compensation shall be suspended. If he refuses to submit to such examination after direction by the director or any examiner of the division or in any way obstructs the same, his right to weekly indemnity which accrues and becomes payable during the period of such refusal or obstruction shall be barred. If any employee persists in any unsanitary or injurious practice which tends to imperil or retard his recovery or

refuses to submit to such medical or surgical treatment or vocational rehabilitation as is reasonably essential to promote his recovery and rehabilitation, the director, in his discretion, may reduce or suspend the compensation of any such injured employee.

2. At the time, Newman was required to commence appellate review proceedings within twenty days after entry of the Commission's final order. § 8–53–107, 3 C.R.S. (1982 Supp.). (This section was repealed and reenacted by Ch. 79, sec. 1, § 8–53–111(8), 1983 Colo.Sess.Laws 416, 420, and is now codified, as amended, at § 8–53–111(8), 3 C.R.S. (1984 Supp.)).

Newman also filed a designation of parties in the Court of Appeals on November 30, 1982, on a form containing the printed statement that the matter was an "Appeal from the Industrial Commission of the State of Colorado." The certificate of service on this form reflects that both the Commission and the Attorney General were served with copies of the petition for review. On December 15, 1982, the Attorney General filed an entry of appearance on behalf of the Commission with the Court of Appeals, and on the next day the Commission filed the record of its proceedings with the court. Newman subsequently filed his opening brief.

On March 9, 1983, McKinley and Travelers filed a "Motion for Dismissal of Appeal for Failure to Join an Indispensable Party." The motion alleges in pertinent part that both the Director and the Commission were indispensable parties to the appeal, that Newman had failed to bring such parties before the court, and that this failure deprived the Court of Appeals of jurisdiction to review the case.[3] The court, without stating any grounds for its decision, granted the motion by means of a notation thereon stating "dismissal granted."

■ In *Matthews v. Industrial Commission*, 44 Colo.App. 159, 609 P.2d 1127 (1980), the Court of Appeals determined that the Industrial Commission is an indispensable party to proceedings to review that Commission's final orders.[4] Newman does not challenge that conclusion. He does assert, however, that the Court of Appeals had jurisdiction to review the Com-

mission's order because he complied with the requisite statutory procedures for commencing such appellate review and properly served the Commission. We agree with this argument.

■ Persons seeking appellate review of final orders of the Commission must comply with applicable statutory provisions defining the nature and extent of such review. C.A.R. 3.1; *see Industrial Commission v. Plains Utility Company*, 127 Colo. 506, 259 P.2d 282 (1953); *Trujillo v. Industrial Commission*, 31 Colo.App. 297, 501 P.2d 1344 (1972). Respondents assert that the appeal as filed was not "proper" because the Commission was not specifically designated a party in the caption of the petition for review. While the more prudent course of conduct would be to name the Commission as a party in the caption of the petition, we reject the argument that Newman's failure to do so here constitutes a jurisdictional defect.

■ At the time Newman sought review of the Commission's order, the method of obtaining appellate review of such decisions was prescribed primarily by sections 8–53–108 and –110, 3 C.R.S. (1973 & 1982 Supp.).[5] Section 8–53–108 provided in pertinent part that a dissatisfied person in interest could commence an action for appellate review in the Court of Appeals "against the director and the commission as defendants." Relying on this statutory language, respondents assert that Newman's failure to name the Commission in the caption of the petition for review is

---

3. The motion also alleges that Newman did not file a designation of parties or a "notice of appeal." However, the record reflects that a designation of parties and a petition for review were timely filed with the Court of Appeals.

4. In their pleadings here, respondents and Newman assume that the Court of Appeals found only the Commission to be indispensable to the proceedings initiated by Newman. Nevertheless, because the dismissal order does not state any grounds for the ruling it announces, it could be construed as concluding that the Director is an indispensable party to this appeal. To the extent such conclusion underlies the dismissal order, we find it unwarranted. In *Mat-*

*thews*, the Court of Appeals also determined, correctly, that the Director is not indispensable to proceedings initiated to review Commission orders unless non-ministerial acts of the Director were in some manner challenged in the course of the administrative proceedings. Respondents at no time have suggested that this appeal involves such an issue, and the record indicates that the only interest of the Director in Newman's claim relates to purely ministerial functions of that office.

5. These sections were repealed and reenacted by Ch. 79, sec. 1, §§ 8–53–111(8), –119, 1983 Colo. Sess.Laws, 416, 420, 422 (codified, as amended, at §§ 8–53–111(8), –119, 3 C.R.S. (1984 Supp.)).

jurisdictionally fatal. However, section 8–53–108 does not prescribe the precise form to which a petition for review must conform. The phrase "as defendants" is descriptive only. The preposition "as" means "after the manner of," or "in the character, role, function, capacity, condition, or sense of." *Webster's Third New International Dictionary* (1976). In practice, parties adverse to the person initiating Court of Appeals review of Commission orders are termed "respondents," not "defendants," by that court. Thus, the Commission assumes the role of a "defendant" in the same sense that a party seeking appellate review of a Commission order assumes the posture of a plaintiff. Section 8–53–108 does not prescribe the means by which the Commission is to be made a party to an appeal of its orders; therefore, Newman's failure to state the Commission's name in the caption of the petition did not violate the terms of that statute.

■ At the time Newman filed his petition, section 8–53–110 contained the following pertinent language:

(1)(a) [A] copy of the petition ... shall be served upon the commission and each adverse party. The commission, within twenty days after the service of the petition, shall make return to said court ... which return shall be deemed its answer ... [and] shall constitute the judgment roll in such action....

(b) Such action [for appellate review] shall be commenced by such service of the petition upon the commission. The petition shall be filed with the court of appeals within ten days after such service. Such action shall be conducted in the manner prescribed by rule of the supreme court.

Failure to comply with statutory provisions regarding timely filing and proper service of petitions for review is jurisdictionally fatal. *See Wallace v. Industrial Commission*, 629 P.2d 1091 (Colo.App.1981). The basis of such rule is clear: until some docu-

ment is presented to the Commission and to the Court of Appeals, no appellate process has begun, and the General Assembly has prescribed the time within which such process must be initiated.

■ Here, however, Newman fully complied with the requirements of timely serving a petition for review on the Commission and timely filing a copy thereof with the Court of Appeals. The petition's initial statement that Newman seeks review of the Commission's order placed respondents and the Commission on notice of the disputed matters, and respondents' motion to dismiss does not allege that any prejudice resulted to respondents from the omission of the Commission's name from the caption of the petition. While it is certainly the better practice to designate the Commission as a party in the caption of a petition seeking to set aside an order or ruling of that agency, the failure to do so cannot be deemed jurisdictional. *See Beaver v. Industrial Commission*, 670 P.2d 808 (Colo.App.1983); *Williams v. Fireman's Fund Insurance Co.*, 670 P.2d 453 (Colo.App.1983); *see also Shaklee v. District Court*, 636 P.2d 715 (Colo.1981). In the circumstances disclosed by the record here, the technical deficiencies of the petition do not deprive the Court of Appeals of subject matter or personal jurisdiction to consider the substance of Newman's arguments.[6]

■ Respondents also assert that Newman's failure during the twenty-day period prescribed for filing an appeal to name the Commission as a party in the designation of parties form or in any other document must be deemed a failure to join an indispensable party to the appeal. We have noted in various contexts that the failure to join an indispensable party to judicial proceedings may result in dismissal of the action. *See, e.g., Civil Service Commission v. District Court*, 185 Colo. 179, 522 P.2d 1231 (1974) (C.R.C.P. 106(a)(4) requires joinder of indispensable parties for review of administrative proceedings gov-

---

**6.** In his response to the motion to dismiss, Newman requested permission to amend the caption of the petition. The Court of Appeals has not yet ruled on that request. *See, e.g., Soon Yee Scott v. City of Englewood*, 672 P.2d 225 (Colo. App.1983).

erned by that rule); *Norby v. City of Boulder*, 195 Colo. 231, 577 P.2d 277 (1978) (C.R.C.P. 19 authorizes dismissal of trial proceedings for unexcused failure to join party whose presence is necessary for just adjudication). Although such dismissals have been characterized as jurisdictional in nature, there is some debate concerning the appropriate basis for dismissal of cases for failure to implead persons or entities whose interests will be affected by the results of pending litigation or whose presence is necessary to ensure that complete relief may be afforded to the parties already participating in judicial proceedings. *See, e.g.,* C. Wright, *Law of Federal Courts* § 71, at 465 (4th ed. 1983). We need not resolve that debate here, however, because we have concluded that the procedures followed by Newman, though not to be emulated, sufficiently apprised all parties in interest, including the Commission, and the Court of Appeals that the Commission was joined as a party to this appeal. Moreover, the Commission's participation in this appeal without objection to the form or substance of the service of the petition upon it has guaranteed its presence as a party to these proceedings.

The order of the Court of Appeals is reversed, and the matter is remanded to the Court of Appeals for further proceedings with regard to Newman's petition for review.