**Robbie J. CLARK, Petitioner,**

v.

**COLORADO STATE UNIVERSITY and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 87CA1329.

Colorado Court of Appeals, Div. I.

April 14, 1988.

Rehearing Denied May 26, 1988.

Certiorari Denied Oct. 11, 1988.

Eugen A. Archuleta, Colorado Springs, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Ann Whiteside, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

No appearance for respondent Colorado State University.

CRISWELL, Judge.

Robbie J. Clark, claimant, seeks review of a final order of the Industrial Claim Appeals Office (Panel) which disqualified claimant from the receipt of unemployment compensation benefits. Her sole complaint is that the Panel employed the "substantial evidence" standard in reviewing the hearing officer's findings. We agree that this is not the standard that the statute mandates for use by the Panel in unemployment compensation cases. Thus, we set aside its order and remand for reconsideration.

In reviewing the hearing officer's decision disqualifying claimant from the receipt of unemployment compensation benefits, the Panel refused to disturb his factual findings on the grounds that those findings were supported by "substantial evidence." However, we can discern nothing in the statute governing the Panel's review of unemployment compensation cases that would authorize the Panel's use of this standard.

Prior to the Panel's creation in 1986, *see* § 8–1–102, C.R.S. (1986 Rep.Vol. 3B), the review of the hearing officer's findings and conclusions in such cases was entrusted to the Industrial Commission. The pertinent statute, *see* Colo.Sess.Laws 1976, ch. 39, § 8–74–104 at 355, authorized the commission to "affirm, modify, reverse, or set aside" any decision based on "the evidence previously submitted in such case." Alternatively, it could "take additional evidence" or remand the matter to the hearing officer for this purpose.

While the statute provided that the commission was to use its "experience, technical competence, and specialized knowledge in the evaluation of the evidence presented," it did not adopt any specific standard of review to be employed by the commission. Moreover, Colo.Sess.Laws 1976, ch. 39, § 8–74–106(1)(f)(II) at 356–357, provided that the provisions of the Administrative Procedure Act (APA), article 4 of title 24, C.R.S., "and particularly sections 24–4–105 and 24–4–106" (which, among other things, set forth the standard to be employed by a state agency when reviewing a hearing officer's findings), was *not* to be applied to "hearings, *commission review*, and court review" in unemployment compensation cases. (emphasis supplied)

In considering the commission's authority under these prior statutory provisions, this court consistently decreed that it was the commission itself, and not the hearing officer, that had the ultimate factfinding responsibility, including the authority to make credibility resolutions. *Gandy v. Industrial Commission*, 680 P.2d 1281 (Colo. App.1983); *McGinn v. Industrial Com-*

*mission*, 31 Colo.App. 6, 496 P.2d 1080 (1972).

However, when the Industrial Commission was abolished and the Panel was created to assume its prior responsibilities, several significant statutory amendments were made.

First, the Panel was given the authority "to conduct administrative *appellate* review" of any order entered in an unemployment compensation matter. Section 8–1–102(2), C.R.S. (1986 Repl.Vol. 3B) (emphasis supplied).

Second, the Panel was denied the right to take evidence for itself; it was limited to a review of the record made before the hearing officer. Section 8–74–104, C.R.S. (1986 Repl.Vol. 3B). However, there was still no specific standard for review outlined by the statute.

Third, the Panel was not specifically authorized to use its experience, technical competence, and specialized knowledge in evaluating the evidence. *See* § 8–74–106(1)(f)(II), C.R.S. (1986 Repl.Vol. 3B).

Finally, while the APA, continues to be inapplicable to "hearings and court review," the provision rendering it inapplicable to "commission review" was repealed, and no comparable provision was re-enacted.

The reference in the present statutes to the Panel's appellate jurisdiction, and the withdrawal of the Panel's authority to take new evidence and to use any special expertise and competence in evaluating the evidence, convince us that the legislative intent of the new statute was to deprive the Panel of the right to act as a factfinder. We conclude, therefore, that its jurisdiction is limited to acting in an appellate capacity in reviewing the hearing officer's findings and conclusions.

However, the statute does not contain provisions setting forth the standard that the Panel is to use in performing this appellate function. This omission is in contrast to the specific standard that has been decreed for use by the Panel when it is reviewing decisions of the administrative law

**700**

judge in workmen's compensation matters. *See* § 8–53–111(7), C.R.S. (1987 Cum.Supp.) (the decision of the administrative law judge may be set aside only for certain, specified reasons, including "that the findings of fact are not supported by the evidence"). *See also May D & F v. Industrial Claim Appeals Office,* 752 P.2d 589 (Colo.App.1988).

The APA is made applicable to every agency of the state, except where there is a conflict between its provisions and "a specific statutory provision relating to a specific agency." Section 24–4–107, C.R.S. (1982 Repl.Vol. 10). The standard for review by an agency under the APA is set forth in § 24–4–105(15)(b), C.R.S. (1987 Cum.Supp.), which provides that:

> "The findings of evidentiary fact, as distinguished from ultimate conclusions of fact, made by the ... hearing officer shall not be set aside by the agency on review of the [hearing officer's] initial decision unless such findings ... are *contrary to the weight of the evidence....*" (emphasis supplied)

Moreover, this APA standard for review by an agency of an initial decision appears to differ from the standard that a court is to apply when reviewing the agency's decision. *See* § 24–4–106(6) and (11), C.R.S. (1987 Cum.Supp.) (court must affirm the agency action, unless it determines, among other things, that its findings are "unsupported by substantial evidence when the record is considered as a whole").

The pre–1986 provision, that the APA was inapplicable to a commission review proceeding, has been repealed, and we conclude that the effect of that repeal was to require the Panel to review unemployment compensation rulings in accord with the foregoing standard.

The present standard, while not one allowing the Panel to engage in initial fact-finding, does allow it to "weigh" the evidence and to reject a hearing officer's findings which, although supported by some evidence, are contrary to the great weight thereof. *See Bevevino v. Saydjari,* 574 F.2d 676 (2nd Cir.1978); *Akermanis v. Sea–Land Service, Inc.,* 521 F.Supp. 44

(S.D.N.Y.1981). *See also Fort Logan Mental Health Center v. Industrial Commission,* 665 P.2d 139 (Colo.App.1983), *rev'd,* 682 P.2d 1185 (Colo.1984). It gives to the Panel a discretion that an application of the "substantial evidence" standard does not provide. Thus, since the Panel here reviewed the hearing officer's findings of fact, pursuant to the substantial evidence standard, and did not exercise the discretion which the proper weight of the evidence standard would have allowed it to exercise, the Panel must reconsider its decision.

The order is set aside and the cause is remanded to the Panel to reconsider its decision in accordance with the views expressed herein.

PIERCE and HUME, JJ., concur.