No. 23257.

CECIL D. CURTIS *v.* INDUSTRIAL COMMISSION OF COLORADO; CITY AND COUNTY OF DENVER — POLICE DEPARTMENT; STATE COMPENSATION INSURANCE FUND.
(447 P.2d 1012)

Decided December 16, 1968.

Frank A. Bruno, for plaintiff in error.

Richard G. Fisher, Jr., Fred B. Dudley, for defendants in error City and County of Denver — Police Department, and State Compensation Insurance Fund.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Peter L. Dye, Assistant, for defendant in error Industrial Commission of Colorado.

464

*In Department.*

Opinion by MR. JUSTICE MCWILLIAMS.

THIS is a heart case wherein the Industrial Commission denied the claim of Cecil D. Curtis, a Denver policeman, for permanent partial disability benefits under the Workmen's Compensation Act. Upon review of this matter the trial court affirmed the award of the Commission and by this writ of error Curtis seeks reversal of the judgment thus entered.

Upon conflicting evidence the Commission found that Curtis had suffered a coronary occlusion which was proximately caused by "overexertion" occurring in connection with his duties as a Denver policeman. That particular finding, as we understand it, has not been challenged in the courts by the State Compensation Fund. Hence, we need not here review the evidence concerning Curtis' alleged "overexertion," as that particular phase of the controversy is no longer an issue, as such.

The Commission then went on to further find, however, that though Curtis had suffered a heart attack and that the occlusion had resulted from overexertion, still his claim for permanent partial disability benefits had to be denied for the reason that he had in fact sustained no permanent disability as a result of the aforementioned occlusion. As indicated, the trial court upheld this finding of the Commission. In this regard it is the basic position of Curtis that the undisputed evidence before the Commission established that he did sustain permanent partial disability resulting from his coronary occlusion and that there is nothing in the record which would support the Commission's finding to the contrary. Disposition of the issue requires at least a brief consideration of the evidence.

That Curtis suffered a heart attack is not in dispute, though the Fund doctor referred to it as a "mild" attack.

As a result thereof Curtis was off work for several months, and then returned to his police duties, first on a part-time basis and later on a full-time basis. In response to a question propounded on direct examination, Curtis stated that as of the date of the hearing he was back on "full duty with my doctor's recommendation."

As concerns medical testimony, Curtis called his attending physician, a general practitioner, as a witness. This person testified as to the results of his several examinations of Curtis and as to the course of his treatment. In response to a hypothetical question, this witness testified that the "scuffle" in which Curtis was involved was no doubt a "contributory cause to his coronary occlusion" and that as a result thereof Curtis had sustained permanent disability to the extent of 50% as a working unit.

The only other witness before the Commission was a doctor whose specialty was internal medicine and cardiology and who was called by the Fund. Our analysis of the testimony of this witness is that he was of the opinion that though Curtis did suffer a mild coronary occlusion, he had nevertheless sustained no permanent disability as a result thereof. Certainly such could be legitimately inferred from his testimony when considered in its entirety. In support of our conclusion, we note, by way of example, that this doctor testified that when he examined Curtis, over a year after the attack, he found Curtis to be in "good health." More specifically, the doctor stated that Curtis at that time "exhibited no sign of coronary heart disease." Continuing along this line, the doctor later on reiterated his opinion that he "did not find him [Curtis] to have any active heart disease," although he conceded that Curtis had a myocardial infarction which was "rather mild in terms of relative intensity." And in his written report the doctor went on as follows:

"* * * I believe that Mr. Curtis had a myocardial infarction, rather mild in terms of relative intensity. From

this he has recovered and is now back to work full time without any residuals such as coronary insufficiency of effort or symptoms or signs of congestive heart failure. Mr. Curtis has now been back on full time duty on the police force for the past 8½ months and, historically as well as by the double Master's two-step test, he has not given any signs or symptoms which would indicate that his cardiac reserve has been materially decreased. He should be encouraged to continue in his present level of activity."

 Counsel for Curtis seizes upon a statement contained in the doctor's written report and argues that based upon this one sentence, the Fund's doctor agreed that Curtis sustained some permanent disability as a result of his heart attack. This doctor concluded his written report by stating his opinion that Curtis "may" have a 15-20% permanent partial disability "for any kind of work," though in his opinion the work Curtis was doing did not contribute to the onset of the occlusion. All of counsel examined the doctor, but none queried him about that particular statement. Our reading of the record discloses nothing which would indicate that the doctor ascribed this possible permanent partial disability to the "scuffle" in which Curtis was involved, or as being a residual effect of the coronary. In fact, the doctor in another portion of his report said that there were no residual effects. Certainly then this particular sentence must be read in context together with all of his other testimony.

 In our view the foregoing summary of the evidence adduced before the Commission demonstrates that there was actually a conflict in the testimony, and certainly a conflict in the inferences to be drawn therefrom, as to whether Curtis sustained any permanent partial disability as a result of "overexertion" on his part. Such then being the case, there was an issue of fact to be resolved by the Commission, and not the courts. And there being evidence to support its finding,

the courts are not at liberty to overturn it. See *Zuzich v. Leyden Co.*, 120 Colo. 21, 206 P.2d 833, where it was held that the credibility of witnesses, as well as the weight of the testimony, is peculiarly within the province of the Commission. Similarly, the inferences and conclusions to be drawn from the evidence in a compensation case are matters for the Commission, and not the court.

The judgment is therefore affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE DAY and MR. JUSTICE GROVES concur.