490 P.2d 91 (1971)
Robert S. WILSON, Petitioner,
v.
COLORADO INDUSTRIAL COMMISSION and Del Premer, Inc., Respondents.
No. 71-115.
Colorado Court of Appeals, Div. I.
October 27, 1971.
William M. Cohen, David D. Belina, Boulder, for petitioner.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Robert L. Harris, Asst. Atty. Gen., Denver, for respondent Colorado Industrial Commission.
Butler, Lepore, Landrum & Pierce, P. C., Robert G. Pierce, Denver, for respondent Del Premer, Inc.
Selected for Official Publication.
PIERCE, Judge.
This is an unemployment compensation case. Wilson was employed as a filling station attendant by Del Premer, Inc. During the period of employment he suffered a disabling injury to his shoulder from a cause in no way connected with his employment. The evidence is undisputed that Wilson informed his employer that corrective surgery would be required and that his period of recovery from surgery could not accurately be determined. It was therefore agreed between the parties that Wilson should cease his employment for health reasons.
Upon his recovery from surgery, Wilson returned to the labor market but was unable to find employment for some time. He then filed a claim for unemployment compensation. He was initially denied an award by a deputy referee and thereafter obtained a hearing before a referee of the Industrial Commission. Wilson appeared pro se until this appeal from the Commission's award.
The employer defended upon the ground that subsequent to Wilson's separation from employment, it was discovered that *92 some credit cards and company checks were missing from the employer's premises. Certain hearsay evidence was admitted, without objection by Wilson, indicating that he may have been guilty of misconduct.
The referee reversed the decision of the deputy and granted Wilson a full award, stating:
"On this record, it is concluded that claimant became separated from work when his physician recommended that he have surgery, and that that was the primary reason for his separation from work."
The award was justified by the referee, citing 1965 Perm.Supp., C.R.S.1963, 82-4-8(4), which states, in part, as follows:
"Full award. Full award upon becoming separated from employment under the following conditions:
* * * * * *
"(c) (i) The health of the worker is such that he must quit his employment and refrain from working for a period of time, but at the time of filing his claim he is able and available for work * * * [T]he worker, in order to be entitled to a full award must have complied with the following requirements: Informed his employer of the condition of his health * * * prior to quitting his employment; * * *."
The employer then appealed this decision to the Commission. Attached to the record on appeal were copies of three affidavits regarding a search warrant issued and returned as to certain items allegedly found at Wilson's residence subsequent to his separation from employment.
Without further hearing, the Commission reversed the referee and granted no award. The only finding made by the Commission upon reversal was that claimant became separated from his employment under conditions contemplated in C.R.S. 1963, 82-4-8(6) (b) (ix). This provision reads as follows:
"(ix) Violation of a statute or of a company rule which resulted or could have resulted in serious damage to the employer's property or interests, or could have endangered the life of the worker or other employees, such as: Mistreatment of patients in a hospital or nursing home; serving liquor to minors; selling prescription items without prescriptions from licensed doctors; profane or obscene language after warnings; immoral conduct which has an effect on worker's job status; divulging of confidential information which resulted or could have resulted in damage to the employer's interests; failure to observe conspicuously posted safety rules; intentional falsification of expense accounts, inventories, or other records or reports; or removal or attempted removal of employer's property from the premises of the employer without proper authority."
This case must be remanded for further hearings and determinations by the Industrial Commission for two reasons:
First: It was improper for the Commission to arrive at a decision which may have been based partly on hearsay documents not presented at the hearing conducted by the referee. Puncec v. City and County of Denver, 28 Colo.App. 542, 475 P.2d 359. Although Wilson was aware that the documents had been filed with the Commission and attempted by letter to rebut their effect, his actions did not constitute a waiver as to the consideration of these documents. See Hatterman v. Industrial Commission, 171 Colo. 370, 467 P. 2d 820. His right of cross-examination under these circumstances was, for all practical purposes, denied him. A further hearing should be held to determine whether these documents should be admitted and considered by the Commission in its determination of the issues before it.
Second: The findings of the Industrial Commission are inadequate. C.R. S.1963, 82-4-8(6) (b) (ix), covers a number of causative factors and we are unable to determine the evidentiary and ultimate facts upon which the Commission based its *93 conclusion. Tague v. Coors Porcelain Company, 29 Colo.App. 226, 481 P.2d 424.
The order of the Commission is set aside and the case is remanded to the Commission with directions to conduct appropriate additional hearings, to make findings of fact, and to enter its award thereon.
SILVERSTEIN, C. J., and COYTE, J., concur.