557 P.2d 842 (1976)
Jess KORTZ et al., Petitioners,
v.
INDUSTRIAL COMMISSION of the State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado) et al., Respondents.
No. 76-227.
Colorado Court of Appeals, Div. II.
November 26, 1976.
Quiat, Bucholtz & Bull, P.C., Alan D. Laff, Denver, for petitioners.
J. D. MacFarlane, Atty. Gen., Jean E. Doubofsky, Deputy Atty. Gen., Edward G. Donovan, John Kezer, Asst. Attys. Gen., Denver, for respondents Industrial Commission and John Lay.
No appearance for respondent Dorothy V. Santen.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Petitioner, Manhattan Venture, seeks review of a final order of the Industrial Commission granting full unemployment benefits to claimant, Dorothy V. Santen. We affirm.
The facts are undisputed. Claimant worked as an apartment manager for petitioner from September 1973, until September 19, 1974, when she left for a better job. After claimant had gone to her new job, petitioner discovered that while claimant was its manager she had converted some of petitioner's money to her own use and had left the building before a replacement arrived. Within 90 days of the start of claimant's new job, she was fired.
The referee found, on supportive evidence, that this latter termination was caused by a change of management in the new employer's office and was therefore under conditions of which claimant had no *843 knowledge at the time she accepted the job and over which she had no control. A full award of benefits was then granted under § 8-73-108(4) (f), C.R.S.1973 (accepting a better job). The Commission adopted and approved the referee's findings and award.
On review, petitioner asserts that claimant's misconduct precludes benefits and that the Commission's action was ultra vires. We disagree.
Petitioner admits that claimant voluntarily left for a better job, but relies on the case of Wilson v. Industrial Commission, 30 Colo.App. 154, 490 P.2d 91, for the proposition that a claimant's misconduct, although discovered after claimant's voluntary termination, was sufficient to justify an award of no benefits. However, in Wilson, supra, we merely remanded the case for further hearings to determine the admissibility of hearsay documents relating to an alleged theft, and for adequate findings of fact. Thus the Wilson case does not resolve the issue before us.
Petitioner contends that § 8-73-108(6), rather than § 8-73-108(4), is controlling here. In pertinent part, these sections provide:
"(4) Full Award. An individual separated from a job for any of the reasons set forth as follows . . . shall be given a full award of benefits . . .
(f) Accepting a better job. . . .
(6) No Award. An individual separated from a job . . . for any of the following reasons shall be given a no award of benefits . . .
(i) Violation of a statute or of a company rule . . .
(m) Theft . . .
(o) Willful neglect or damage to an employer's property or interests; . . .
(r) Failure to properly safeguard, maintain, or account for the employer's property . . . ."
(emphasis added)
It is the reason for separation that determines which statutory section applies. Here it is admitted that claimant voluntarily left employment with petitioner for a better job and so that award of benefits based on the better job section was appropriate. The employer must rely on other available remedies to obtain redress from any defalcation by claimant.
Petitioner's argument that the Commission's award was ultra vires is based on the premise that it was arbitrary because it was not supported by the facts. The record does not support the premise.
Order affirmed.
ENOCH and VanCISE, JJ., concur.