LANTERN INN, Petitioner,

v.

INDUSTRIAL COMMISSION OF COLORADO and James H. Wilpolt, Respondents.

No. 80CA0634.

Colorado Court of Appeals, Div. I.

Feb. 13, 1981.

Day, Sackheim & Morphew, Gilbert M. Sackheim, Boulder, for petitioner.

J. D. MacFarlane, Atty. Gen., David L. Lavinder, Asst. Atty. Gen., Denver, for Industrial Commission of Colorado.

Richard M. Borchers, P. C., Richard M. Borchers, Westminster, for James H. Wilpolt.

BERMAN, Judge.

In this workmen's compensation case, Lantern Inn (employer) seeks review of an Industrial Commission award to claimant of temporary total disability benefits. We affirm.

The record reveals that on December 6, 1978, claimant was employed as a bartender at employer's establishment in Broomfield, Colorado. After completing his bartending duties on that date, claimant locked the premises and walked to his truck parked at the back corner of the building. As he was about to enter the truck, he was shot in the arm by a man who had been in the bar earlier in the evening. The wound eventually necessitated amputation of claimant's arm.

Claimant, rather than filing suit against his assailant, claimed workmen's compensation benefits. However, he failed to file a written election of remedies as assertedly required by § 8–52–108(1), C.R.S. 1973. A hearing was held, as a result of which the referee found that claimant's injury was employment-related but, because claimant failed to file an election, was not compensable. The election issue was raised not by the employer, but by the referee *sua sponte*.

The Industrial Commission reversed, finding that claimant had substantially complied with the statutory election of remedies requirement, and that the employer was thereby given notice of claimant's intent to seek workmen's compensation.

I.

On this review, employer contends first that the undisputed hearing testimony fails to support an inference that claimant's injury arose out of his employment. We disagree.

Claimant testified that, on the evening in question, his assailant had been in the bar, and that claimant had spoken to and played pool with him. Claimant further testified that there had been no "fight," and he was then asked:

"Q. Directing your attention to just prior to closing time, did you have any words with him or any argument or something like that?

A. Yes, I'd asked him several times to leave because it was 2:00 [a. m.], time to close. But there was [sic] no harsh words, really.

Q. And he left at that time?

A. Yes."

Employer claims that neither in the testimony above, nor elsewhere in the record is there evidence to support the referee's stated inferences that claimant's assailant was "under the influence of alcohol," "became incensed" when asked to leave the premises, and was thus motivated to lie in wait for claimant. Employer's argument, though, is premised upon an overly narrow interpretation of the verb "to infer." Employer, for example, states in his brief: "*There is not one single word* in the record indicating the claimant [assailant] had anything to drink, let alone that he was 'under the influence of alcohol.'" (emphasis in original) But, where *direct* testimony to a fact is available, no inference is necessary. The very process of inferring implies absence of direct evidence. The question here, therefore, is whether the referee's inferences were permissible ones.

"[T]he inferences ... to be drawn from the evidence in a compensation case are matters for the Commission, and not the court." *Curtis v. Industrial Commission*, 167 Colo. 462, 447 P.2d 1012 (1968). And, the evidence need not lead *unavoidably* to the inferences drawn by the referee; the question, rather, is merely whether the inferences drawn are plausible ones. *See, e. g., Michals v. Industrial Commission*, 40 Colo.App. 5, 568 P.2d 108 (1977). Here, while the evidence may not lead one una-

voidably to infer that the assailant was intoxicated, or that he "became incensed," such inferences are not implausible in light of the totality of the circumstances.

What is more, while such inferences might strengthen claimant's position, they are not essential to the major conclusion that the shooting was work-related. Here, it is undisputed that claimant met his assailant, for the first time, in the bar on the evening in question. The shooting occurred shortly after this first meeting, just outside the place of the meeting. The temporal and geographic proximity between these events itself lends additional support to the conclusion that the *shooting* was job-related.

Dictum from *Deines Bros., Inc. v. Industrial Commission*, 125 Colo. 258, 242 P.2d 600 (1952), upon which employer relies heavily, is not controlling. *Deines* dealt, *inter alia*, with a dispute over *when* the injury there in question occurred. No such dispute obtains in the instant case. And, *Deines* has been interpreted, insofar as is germane here, merely to stand for the proposition "that awards cannot be based upon speculation or conjecture." *Industrial Commission v. Havens*, 136 Colo. 111, 314 P.2d 698 (1957). As discussed above, the referee here based his decision not purely upon speculation, but upon plausible inferences from the evidence. Accordingly, we reject employer's first argument.

## II.

█ Employer next contends that the Commission erred in holding that claimant's failure to file a written election of remedies did not bar the award of benefits. We disagree.

The individual by whom claimant was injured was not in claimant's employer's hire. Therefore, § 8–52–108(1), C.R.S. 1973, applies. That statute provides in pertinent part:

"If any employee entitled to compensation ... is injured by the ... *wrong of* another not in the same employ, such injured employee ..., *before filing any claim under this article*, shall elect in writing whether to take [workmen's] compensation ... or to pursue his remedy against the other person. Such election shall be evidenced in such manner as the commission may by rule or regulation prescribe." (emphasis added)

Claimant concedes that he filed no written election before he filed his claim for workmen's compensation benefits. As to the election issue, the Commission, in its order of February 21, 1980, found as follows:

"The record does support a finding that the claimant had substantially complied with the requirements set by law. Notice was given to the employer of the claimant's intent to request compensation. This is evidenced by the claimant's initial filing of February, 1979. The interpretation of the Workmen's Compensation Act is to be liberally construed in order to effectuate its beneficial purpose. In this case, the claimant has complied with the requirement to choose remedies, and his claim for benefits should not be denied."

Here, the employer does not argue that it did not have notice of the claim. Nor does it argue that it has been prejudiced by claimant's failure to file a separate formal election.[1] Under somewhat analogous circumstances, a claim was held not to be barred by a failure timely to file a separate election of remedies. *See Berry's Coffee Shop v. Palomba*, 161 Colo. 369, 423 P.2d 2 (1967). We find the *Berry's Coffee Shop* rationale to be properly extendable to the case at bar.

In addition, the statute here in question invests the Commission with power to determine what shall be deemed adequate evidence of election. Here, the Commission found that the filing of the claim and the

---

1. Indeed, the statutory scheme precludes prejudice to employer, for:

"If [the] injured employee ... elect[s] to take compensation under [the Workmen's Compensation Act], the payment of Compensation shall operate as and be an assignment of the cause of action against [the third party who injured the employee] to the ... person, association, corporation, or insurance carrier liable for the payment of such compensation."

Section 8–52–108(1), C.R.S. 1973.

consequent notice to the employer constituted an election to seek compensation. That finding represents the Commission's interpretation of its own administrative rule.[2] That interpretation is not inconsistent with such rule or with the statute's underlying purpose. *See Van Pelt v. State Board for Community Colleges & Occupational Education,* 195 Colo. 316, 577 P.2d 765 (1978). Accordingly, we decline on review to disturb the Commission's conclusion.

Order affirmed.

COYTE and STERNBERG, JJ., concur.

---

2. The rule reads:

"Should an employee entitled to compensation under the Workmen's Compensation Act be injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in case of death, his dependents, shall file a claim on forms prescribed by the Director, and elect whether or not he desires to take compensation under the Workmen's Compensation Act."

Industrial Commission Rule XIV Third Party, 7 Code Colo.Reg. 1101–3 at 5. Thus, the rule provides that a claimant "shall ... elect," but does not define precisely what shall be sufficient to constitute election.