Stephen G. STAVROS, Petitioner,

v.

INDUSTRIAL COMMISSION of the State of Colorado and Moffat County School District RE–1, Respondents.

No. 81CA0126.

Colorado Court of Appeals, Div. I.

June 18, 1981.

George C. Price, Aurora, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Abby L. Pozefsky, Asst. Atty. Gen., Denver, for respondents.

VAN CISE, Judge.

Stephen G. Stavros (the claimant) seeks review of an order of the Industrial Commission denying him full unemployment compensation benefits. We affirm.

Claimant was employed by Moffat County School District RE–1 (the employer) as a nontenured foreign language teacher for the 1979–1980 academic year. On March 20, 1980, claimant was notified by a letter from the board of education that his teaching contract would not be renewed for the 1980–81 school year. This letter did not specify the reason.

Claimant continued working until May 15, nine day before the end of school, when he was informed by the school principal that he was being fired for tardiness. The following day, he received a letter from the superintendent of schools, on behalf of the board, which stated that, although he would be paid his entire salary for the duration of his term of employment, he was relieved of his duties for the remainder of the school year.

Claimant applied for unemployment compensation benefits, claiming that his separation from work was due to the nonrenewal of his teaching contract. The employer protested, asserting that the job separation was for excessive tardiness. The deputy's decision was that claimant was discharged for excessive tardiness after having been warned about it previously, and that he was responsible for his separation. Accordingly, the deputy granted a reduced award.

On appeal, after an evidentiary hearing, the referee found, from the testimony, that it had been decided in March 1980 not to renew claimant's teaching contract for the next academic year, excessive tardiness being one of the reasons. It was further

found that claimant was actually discharged on May 15 for excessive tardiness, the discharge occurring a few days before the current school year ended. Claimant was allowed a reduced award pursuant to § 8–73–108(5)(x), C.R.S.1973 (1980 Cum. Supp.). The Commission approved the referee's findings and award.

Claimant contends on appeal that his separation from employment did not occur on May 15, but rather occurred on March 20, and that, therefore, the Commission erred in concluding that claimant had been discharged for excessive tardiness. We do not agree.

■ Since claimant continued on salary for the balance of the contract year, his relief from duties (termed "discharge" by the Commission) on May 15 was not a termination of employment and was immaterial for unemployment compensation purposes. His separation from employment occurred and his unemployment commenced at the end of the period of the contract.

■ However, it is the reason for separation from employment that determines the amount of benefits to which a claimant is entitled. Section 8–73–108(1)(a), C.R.S. 1973 (1980 Cum.Supp.); *see Kortz v. Industrial Commission*, 38 Colo.App. 411, 557 P.2d 842 (1976). The Commission found that his nonrenewal, and therefore his separation, was due to excessive tardiness. This was supported by the claimant's own testimony as well as that of the school principal. Therefore, that finding is binding on this court on appeal. *Curtis v. Industrial Commission*, 167 Colo. 462, 447 P.2d 1012 (1968); *Allmendinger v. Industrial Commission*, 40 Colo.App. 210, 571 P.2d 741 (1977). Excessive tardiness which results in termination of employment is a reason for a reduced award. Section 8–73–108(5)(x), C.R.S.1973 (1980 Cum.Supp.).

Order affirmed.

COYTE and SMITH, JJ., concur.