Edgar J. DUNN, Petitioner,

v.

The INDUSTRIAL COMMISSION of the State of Colorado (Ex-Officio) Unemployment Compensation Commission of Colorado; and Regal Plastic Supply, Respondents.

No. 80SC266.

Supreme Court of Colorado,
En Banc.

Feb. 16, 1982.

Sonheim & Helm, Phillip A. Less, Arvada, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Molly Sommerville, Asst. Atty. Gen., Denver, for respondents.

HODGES, Chief Justice.

We granted certiorari to review the unpublished opinion of the court of appeals affirming the Industrial Commission's reduced award of unemployment compensation to petitioner Dunn. We affirm.

Petitioner Dunn was employed by Regal Plastic Supply Company and was terminated on May 3, 1979, following a conversation with the company's president in which he confirmed his previous statement made to the company's controller that "the job was no longer for me and I [am] no longer the right person for the job."

Petitioner Dunn applied for unemployment compensation and was granted a full award. The employer appealed and a hearing was held before a referee of the Colorado Division of Employment and Training. The referee found that petitioner Dunn "was the moving party in the separation" and therefore reversed the full award. A reduced award pursuant to section 8–73–108(5), C.R.S. 1973 (1978 Supp.) (since amended in 1979) was granted by the referee. The Industrial Commission upheld the reduced award. Petitioner Dunn appealed. The court of appeals affirmed the reduced award.

Petitioner Dunn claims he is entitled to a full award and challenges the authority of the Industrial Commission to reduce the award. Specifically, he argues that he is entitled to a full award unless the reason for his separation from his job is included among the twenty-three enumerated in section 8–73–108(5), C.R.S. 1973 (1978 Supp.) (since amended in 1979). We disagree.

In *Sims v. Industrial Commission*, Colo., 627 P.2d 1107 (1981), this court addressed the identical issue presented by this appeal. After reviewing the recent legislative history of section 8–73–108, we therein concluded that:

"In order for the Commission to carry out the legislative intent as expressed in sections 8–73–108(1) and (5) it must at times exercise discretion in determining whether to grant a claimant a reduced award. . . . We conclude that the Commission was empowered to grant reduced awards in these cases, although the precise reasons for the claimants' terminations were not enumerated in section 8–

73–108(5)(a)–(w), C.R.S. 1973 (1978 Supp.) in effect at that time."

*Sims v. Industrial Commission, supra,* is dispositive of this issue. We therefore affirm the judgment of the court of appeals.