**Perry W. GANDY, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO (Ex-Officio Unemployment Compensation Commission of Colorado) and Pitney Bowes, Inc., Respondents.**

**No. 82CA1398.**

Colorado Court of Appeals, Div. II.

Aug. 18, 1983.

Rehearing Denied Sept. 29, 1983.

Certiorari Denied May 7, 1984.

Cogswell & Wehrle, Walter M. Kelly, II, Bruce A. Smith, Denver, for petitioner.

---

Baker & Hostetler, Lynne G. McGowan, Bruce Pringle, Denver, for respondent Pitney Bowes, Inc.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Christa D. Taylor, Asst. Attys. Gen., Denver, for respondent Industrial Com'n.

STERNBERG, Judge.

The claimant, Perry W. Gandy, seeks review of a final order of the Industrial Commission denying his claim for unemployment compensation benefits. We affirm.

Gandy had been employed as a salesman for the employer, Pitney Bowes, Inc., for 19 years when his productivity fell below acceptable standards in 1981. Consequently, the employer set an October 8, 1981, deadline for Gandy to meet his quota.

On October 5 Gandy missed a scheduled sales meeting. He was busy with another call when his supervisor called on the 6th or 7th to arrange another meeting, and he promised to phone later. The evidence was conflicting as to whether he called back.

The employer sent a mailgram to Gandy on the 7th stating that he would be terminated unless he immediately reported to work. The mailgram was returned the next day as undeliverable.

On October 9, the employer decided to terminate Gandy pursuant to a company rule called "bulletin 98." That rule provides that when an employee is absent for unknown reasons, or when the "field office" suspects that the employee does not intend to return to work, a certified letter is to be sent ordering the employee to contact the office within three days. The employee is terminated if he does not contact the office.

On the 9th the employer mailed a letter to Gandy, requesting that he report by October 13. When he did not report, he was terminated for failure to report in accordance with bulletin 98.

Gandy did not receive the mailgram or letters until October 15 when he returned from a hunting trip. He testified that the trip was an authorized vacation, a point disputed by the employer.

The referee who presided at the hearing ordered a full award of benefits based on the employer's failure to file a timely response to the claim. The Commission reversed and ordered the entry of findings on the substantial issues based on the record.

A different referee reviewed the record and denied benefits pursuant to § 8–73–108(9)(a)(XVII), C.R.S.1973 (1982 Cum. Supp.). That statute establishes as grounds for denial of benefits the taking of unauthorized vacations or failing to return to work after an authorized vacation. The referee found that the hunting trip was an unauthorized vacation, that Gandy did not respond to the employer's request for a meeting, and that he did not report to work by October 13.

Gandy contends that the employer's stated reason for his separation was failure to report in accordance with bulletin 98, and therefore, the Commission erred in denying benefits based on § 8–73–108(9)(a)(XVII). He argues that the only applicable section is § 8–73–108(9)(a)(VI), C.R.S.1973 (1982 Cum.Supp.), concerning deliberate disobedience of a reasonable instruction. Gandy asserts that his "disobedience" was not deliberate because he did not receive the letter until October 15 when he returned from hunting. We disagree with his contentions.

The purpose of the unemployment compensation law is to provide assistance to individuals "unemployed through no fault of their own." Section 8–73–108(1)(a), C.R.S.1973 (1982 Cum.Supp.). The law provides that "certain acts of individuals are the direct and proximate cause of their unemployment." Therefore, the Commission is given wide discretion to consider the circumstances of separation and select the applicable provision. Section 8–73–108(1)(a), C.R.S.1973; *Dunn v. Industrial Commission*, 640 P.2d 1146 (Colo.1982); *Colorado State Judicial Department v. Industrial Commission*, 630 P.2d 102 (Colo.App.1981).

Here, the record supports the Commission's finding that Gandy took an unauthorized vacation which precluded him from complying with the employer's back to work order. Thus, the Commission's conclusion that Gandy caused his unemployment is binding on review. *Colorado State Judicial Department v. Industrial Commission, supra.*

*Kortz v. Industrial Commission,* 38 Colo.App. 411, 557 P.2d 842 (1976) and *Stavros v. Industrial Commission,* 631 P.2d 1192 (Colo.App.1981) do not compel a different result. In *Kortz* we held that where an employee is separated for reasons justifying compensation, the employer may not rely on later discovered evidence of misconduct as a basis to contest an award of benefits. *Stavros* does not address the problem presented here.

Gandy next contends that six alleged mistakes in the findings of fact warrant reversal of the Commission's order. We have reviewed the findings and conclude that, although certain factual errors were made, they were not material. Therefore, we are not at liberty to set aside the Commission's order. Section 8–74–107(6), C.R.S.1973 (1982 Cum.Supp.).

Gandy's final contention is that he was denied due process of law because the referee who made the findings was not the referee who presided at the hearing. Gandy argues that he was deprived of his right to have the referee make credibility determinations based on observation of the witnesses. We conclude there was no due process violation.

Section 8–74–104(1), C.R.S.1973 (1982 Cum.Supp.) grants the Commission authority to "affirm, modify, reverse or set aside" the referee's decision based on the "evidence previously submitted in the case." This authority includes the power to assess independently the credibility of witnesses. *McGinn v. Industrial Commission,* 31 Colo.App. 6, 496 P.2d 1080 (1972). Consequently, Gandy has no statutory right to expect the benefit of the referee's credibility findings.

Moreover, this statutory scheme is not inconsistent with due process of law in administrative proceedings. If a referee has read and considered a transcript of the evidence adduced out of his presence he may make findings for review by the Commission. *Big Top, Inc. v. Hoffman,* 156 Colo. 362, 399 P.2d 249 (1965).

Under these circumstances, the Commission did not violate Gandy's due process rights when it remanded the case to the second referee for new findings.

Order affirmed.

ENOCH, C.J., and SMITH, J., concur.