SANTA FE ENERGY COMPANY,
Petitioner,

v.

Michael L. BACA, Director of the Industrial Commission of the State of Colorado; The Industrial Commission of the State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado); and Walter Tycksen, Respondents.

No. 83CA0036.

Colorado Court of Appeals,
Div. III.

Oct. 27, 1983.

---

Grant, McHendrie, Haines & Crouse, P.C., Donald B. Gentry, John M. Spillane, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Alice L. Parker, Asst. Atty. Gen., Denver, for respondents.

KELLY, Judge.

Santa Fe Energy Company, employer, seeks review of a final order of the Industrial Commission awarding claimant full benefits pursuant to § 8–73–108(4), C.R.S. 1973 (1982 Cum.Supp.). The referee made a full award of benefits pursuant to § 8–73–108(4), finding that the employer's evidence was hearsay and that the employer was "basically responsible" for claimant's separation. The Commission affirmed the award and made the additional finding that "claimant's firsthand testimony was sufficient to establish a prima facie case of qualification for benefits." The Commission concluded that claimant was unemployed through no fault of his own within the meaning of § 8–73–108(1)(a), C.R.S. 1973 (1982 Cum.Supp.). We affirm.

The employer first contends that the Commission erred in disregarding the hearsay testimony of its witness. The employer argues that the testimony was based on a business memorandum admissible as an exception to the hearsay rule under Colorado Rules of Evidence 803(6). Alternatively, the employer argues that the hearsay was admissible because claimant corroborated it and because it possessed "probative value commonly accepted by reasonable and prudent men" within the meaning of § 8–74–106(f)(II), C.R.S.1973 (1982 Cum.Supp.). We reject these arguments.

The Commission may, upon petition for review, enter an order based on the evidence submitted in the case, or it may require the submission of additional evidence. Section 8–74–104(1), C.R.S.1973 (1982 Cum. Supp.). Here, the purported business memorandum originated after the claim was filed, was not mentioned during the hearing, and was not submitted until the employer filed a petition to review the referee's decision. Under these circumstances, the Commission properly decided that the employer's testimony was hearsay and properly exercised its discretion in declining to require additional evidence concerning the memorandum. *Wilson v. Industrial Commission,* 30 Colo.App. 154, 490 P.2d 91 (1971).

Hearsay evidence may have probative force when corroborated by "evidence generally recognized as admissible at common law." *Johnson v. Industrial Commission,* 137 Colo. 591, 328 P.2d 384 (1958). However, the rule is inapposite here because the Commission found, and the record supports the conclusion, that claimant's testimony contradicted rather than corroborated the employer's testimony. While the parties agreed that certain incidents occurred, they were in complete disagreement concerning the significant details of these events.

Furthermore, the Commission did not abuse its discretion in declining to consider the hearsay testimony pursuant to § 8–74–106(f)(II). This testimony, based on reports from other employees, is not so reliable that

"reasonable and prudent men" would necessarily assign it probative value.

The employer next contends that the award was not based on substantial evidence because claimant's testimony failed to establish "any of the pertinent conditions" enumerated in § 8–73–108(4). This argument is without merit.

The Commission has discretion to grant a full award even though none of the subsections of § 8–73–108(4) is cited or applicable. Such discretion is necessary to effect the legislative mandate that each individual who is unemployed through no fault of his own shall receive a full award of benefits. Section 8–73–108(1)(a), C.R.S.1973 (1982 Cum. Supp.); *see Sims v. Industrial Commission,* 627 P.2d 1107 (Colo.1981).

Here, the Commission accepted claimant's testimony concerning the circumstances of his employment. The gravamen of the testimony was that claimant was fired for incidents which were not his fault, or did not occur. Thus, the Commission's finding that claimant was unemployed through no fault of his own is supported by substantial evidence and may not be disturbed on review. Section 8–74–107(4), C.R.S.1973 (1982 Cum. Supp.); *Sims v. Industrial Commission, supra.*

We also reject employer's contention that the Commission's findings of fact were inadequate. The basis of the award is apparent from the record and from the Commission's findings of ultimate fact. *In re Claim of Allmendinger v. Industrial Commission,* 40 Colo.App. 210, 571 P.2d 741 (1977).

The employer's assertion that the Commission exhibited an unwillingness to grant a fair hearing is without merit.

Order affirmed.

BERMAN and TURSI, JJ., concur.