**MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, a Colorado corporation, Petitioner,**

v.

**INDUSTRIAL COMMISSION OF the STATE OF COLORADO, and Isaac P. Cabrera, Respondents.**

**No. 83CA1304.**

Colorado Court of Appeals, Div. IV.

Feb. 7, 1985.

Eiberger, Stacy & Smith, Perry L. Goorman, John A. Jostad, Denver, for petitioner.

Jonathan Wilderman, Martin Linnet, Denver, for respondent Isaac P. Cabrera.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Christa D. Taylor, Asst. Atty. Gen., Denver, for respondent Industrial Commission.

SILVERSTEIN *, Judge.

Mountain States Telephone & Telegraph Co. (employer), seeks review of a final order of the Industrial Commission granting unemployment compensation benefits to claimant since his termination resulted from the fact that he was unqualified for his position because of insufficient education or inadequate skills. *See* § 8–73–108(4)(j), C.R.S. (1984 Cum.Supp.). The employer contends that the Commission should have applied § 8–73–108(5)(e)(XX), C.R.S. (1984 Cum.Supp.) which permits a reduction of benefits if termination results from a failure to meet established performance standards, and that the Commission erred in allocating the burden of proof. We affirm.

Claimant had worked for employer for about ten years prior to his termination. For nearly eight years his job was repairing automobiles. There is no evidence that his work on this job was unsatisfactory. About two years before his discharge he was transferred to a different garage where most of the work involved repair of modules and aerial lifts. He had had no training for this work, and was given only a minimal amount of on-the-job instruction. As a result, he was unable to meet established performance standards and, after warnings, was fired.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

Employer contends that the Commission improperly relied on § 8–73–108(4)(j), C.R.S. (1984 Cum.Supp.) as an exception to § 8–73–108(5)(e)(XX), C.R.S. (1984 Cum.Supp.). This argument overlooks the fact that subparagraph (4)(j) is an independent criterion for determining benefits, and, when applicable to the facts, can be employed by the Commission, even though some other section would appear to apply.

When two sections of the Unemployment Compensation Act § 8–73–101, et seq., C.R.S., are pertinent, the Commission has wide latitude in determining which section it will apply. *Colorado State Judicial Department v. Industrial Commission,* 630 P.2d 102 (Colo.App.1981). The reason for the termination of employment determines which statutory section applies, *Kortz v. Industrial Commission,* 38 Colo. App. 411, 557 P.2d 842 (1976), and the reason for termination is a question of fact. *Sims v. Industrial Commission,* 627 P.2d 1107 (Colo.1981).

Here, the Commission's finding that claimant's discharge was the result of insufficient education and inadequate skills is supported by the record, and may not be disturbed. *Sims, supra.*

The employer's assertion relative to the burden of proof is without merit.

Order affirmed.

ENOCH, C.J., and HODGES, J.,* concur.