Jeannie Ann **CORDOVA**, Petitioner,

v.

The **INDUSTRIAL COMMISSION OF the STATE OF COLORADO** and **K.B. Transportation, Inc.,** Respondents.

No. 84CA1176.

Colorado Court of Appeals,
Div. I.

Aug. 29, 1985.

Curtis L. Kennedy, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondent Indus. Com'n.

No appearance for respondent K.B. Transp., Inc.

KELLY, Judge.

Claimant, Jeannie Cordova, seeks review of a final order of the Industrial Commission ordering a maximum reduction in her unemployment compensation benefits. The Commission found that a reduction in benefits was called for because claimant had been discharged for excessive tardiness. We affirm.

Claimant was employed as a bookkeeper and secretary at K.B. Transportation, Inc., from August 30, 1982, until her discharge on January 24, 1984. Upon her discharge, she filed a claim for unemployment benefits that was contested by the employer.

After a hearing, the referee concluded, on conflicting evidence, that claimant had been told to report to work at a specified time and that she had been warned about her failure to do so. The referee found that, despite the warning, claimant continued to report late and was discharged because of this tardiness. Therefore, the referee ordered the maximum reduction in benefits pursuant to the statutory provision now codified as § 8–73–108(5)(e)(XX), C.R.S. (1984 Cum.Supp.).

Claimant appealed this determination to the Commission. The appeal was accompanied by a letter from the employer to the Commission which stated that the employer was withdrawing its objection to the claim principally on the basis that the discharge had not been accomplished after proper warning to claimant.

On review, the Commission "acknowledged" the employer's desire to withdraw its objection to the claim. However, the Commission concluded that the evidence supported the referee's findings and conclusions and therefore affirmed the referee's order.

I.

Claimant first contends that the employer's desire to withdraw its objections "mooted" the case, and therefore, she should be entitled to a full award of benefits. We disagree.

▮ Under the Employment Security Act, it is the responsibility of the division of employment and training, in the first instance, and ultimately the Industrial Commission to determine the claimant's eligibility for benefits. Sections 8–74–102(1) to 8–74–104(2), C.R.S. (1984 Cum.Supp.). Eligibility for benefits is a matter to be determined by applying the facts to the provisions of the act, and the positions taken by the parties (whether the same or different) are not binding on the Commission. That is one reason the Commission is an indispensable party to appellate review of unemployment compensation cases. *See* *Matthews v. Industrial Commission*, 44 Colo.App. 159, 609 P.2d 1127 (1980). Thus, employer's desire to withdraw its objection did not moot the case.

II.

Claimant next contends that the order must be set aside because it was procured by fraud. *See* § 8–74–107(6)(b), C.R.S. (1984 Cum.Supp.). She argues that Heller and Leach, two of the co-owners of employer and signatories to the letter withdrawing employer's objections to the claim, had misled the referee because they did not testify concerning their opinion, expressed in the letter, that claimant "felt, with just

cause, that any problem endangering her employment ... would be discussed with her by Mr. Leach."

■ We find no cases defining fraud as contemplated by § 8–74–107(6)(b). However, we conclude that the test for fraud in setting aside an order of the Industrial Commission is the same as that for setting aside a judgment.

In *Cisneros v. Cisneros*, 163 Colo. 245, 430 P.2d 86 (1967), the following five-part test for setting aside a judgment on grounds of fraud was established. There, the court stated that fraud exists if there is: (1) a false representation of a material existing fact, or concealment of such a fact that in equity and good conscience should be disclosed; (2) knowledge that the representation is false; (3) ignorance on the part of the one from whom the fact is concealed; (4) the representation or concealment was made or practiced with the intent that it be acted on; and (5) resulting damage.

■ Here, the claim of fraud is deficient. The letter to the Commission does not establish that Heller and Leach misrepresented or concealed any existing fact at the hearing. At best, the letter shows that Heller and Leach changed their minds about claimant's state of mind, and "concluded" that she did not know her job was in jeopardy.

Further, it does not appear that the purported "fraud" caused the damage (rejection of the claim). In unemployment compensation cases the ultimate fact-finder is the Industrial Commission. *Gandy v. Industrial Commission*, 680 P.2d 1281 (Colo. App.1983). To the extent Heller and Leach concealed any "facts" at the hearing, those facts were before the Commission by virtue of the letter. Because the Commission had the power to consider the letter as additional evidence, § 8–74–104(1), C.R.S. (1984 Cum.Supp.), and entered its final order after reviewing the "entire record," the alleged fraud upon the referee did not procure the Commission's final order.

### III.

Claimant next contends that the Commission erred by not ordering the taking of additional evidence in light of the employer's letter. We disagree.

■ The Commission has discretion in determining whether to require additional evidence pursuant to § 8–74–104(1), C.R.S. (1984 Cum.Supp.). *See Santa Fe Energy Co. v. Baca*, 673 P.2d 374 (Colo.App.1983). Here, the letter did not reveal new facts, but reflected a change in the employer's interpretation of previously submitted evidence. Consequently, there was no need for additional evidence, and the Commission did not abuse its discretion by failing to order a new hearing.

### IV.

Finally, claimant contends that the evidence does not support the finding that she was warned that her job was in danger because of tardiness. She again cites the employer's letter.

■ To the extent the employer was required to give a warning under the circumstances of this case, substantial evidence supports the finding that a warning was given. *See Zelingers v. Industrial Commission*, 679 P.2d 608 (Colo.App.1984). At the hearing, Heller testified to several conversations with claimant about her tardiness, some of which were in the presence of Leach, and stated that he had told her on one occasion that if she could not report on time "someone else would have to." This testimony supports the finding that claimant was warned. While Heller and Leach had a change of heart concerning claimant's interpretation of these conversations, the Commission was free to reach its own conclusion concerning the adequacy of the warning. Where, as here, its conclusion represents a plausible interpretation of the evidence, we may not set aside its findings. *McGinn v. Industrial Commission*, 31 Colo.App. 6, 496 P.2d 1080 (1972).

Order affirmed.

PIERCE and BABCOCK, JJ., concur.