**PEPSI–COLA BOTTLING CO. OF DENVER, Petitioner,**

v.

**The COLORADO DIVISION OF EMPLOYMENT AND TRAINING, The Industrial Claim Appeals Office of the State of Colorado and Michael A. Turpin, Respondents.**

No. 87CA1231.

Colorado Court of Appeals,
Div. III.

April 7, 1988.

Fairfield and Woods, P.C., Brent T. Johnson, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondents Colorado Div. of Employment and Training and Industrial Claim Appeals Office.

Zuckerman & Kleinman, P.C., Amado L. Cruz, Denver, for respondent Turpin.

JONES, Judge.

Pepsi Cola Bottling Company, employer, seeks review of a final order of the Industrial Claim Appeals Office (Panel) which awarded unemployment compensation benefits to Michael A. Turpin, claimant. We affirm.

Claimant was employed as a mechanic for employer from August 1978 to October 17, 1986, the date of termination. At the time of termination his work shift was 6 a.m. to 2:30 p.m. After his last full day of work on October 15, claimant consumed a tranquilizer and alcohol for purposes of relieving stress. He became comatose and required emergency treatment at a hospital. After his stomach was pumped and

other treatment given, claimant was discharged in the early morning hours of October 16, and was taken home by his parents in a soporiferous state, with instructions that he have strict bedrest for 1–2 days.

Claimant slept until approximately one p.m. on October 16, at which time he briefly awakened. He was cognizant of a need to call employer concerning his absence, but determined it was too late as little more than one hour remained on his shift. He immediately fell asleep again and did not awaken until approximately 8:35 a.m. on October 17. Claimant called his supervisor to report his absence at that time but was informed that he had been terminated at 8:30 a.m. that morning. Claimant's supervisor would not allow claimant to give a full explanation for his failure to report and did not request medical documentation. Claimant had no record of absence or tardiness with the exception of one failure to justify an absence from work, in advance, in January 1979.

Arguing that the evidence was insufficient to support a finding that claimant was not at fault for his separation, employer contends that the Panel erred in awarding claimant benefits. We reject this contention.

■ Fault under the statute is not necessarily related to culpability, but must be construed as requiring a volitional act. *Zelingers v. Industrial Commission*, 679 P.2d 608 (Colo.App.1984). As claimant's shift began at six a.m. on October 16, company policy dictated that he call his supervisor before that time. But he had been discharged from the hospital in a state of dulled awareness only five hours earlier. Under these circumstances, the Panel's finding that claimant's failure to call his supervisor was not a volitional act is reasonable, and is an appropriate resolution based on the conflicting evidence presented on this issue. *See Mohawk Data Sciences Corp. v. Industrial Commission*, 660 P.2d 922 (Colo.App.1983).

There was sufficient evidence to support the Panel's findings that claimant was physically unable to telephone employer to report his absence from work and that claimant therefore was not at fault for his termination. *See Zelingers v. Industrial Commission, supra.* Consequently, on review we will not disturb either these findings or the Panel's conclusion to award claimant benefits pursuant to § 8–73–108(4), C.R.S. (1986 Repl.Vol. 3B). *See Santa Fe Energy Co. v. Baca*, 673 P.2d 374 (Colo.App.1983); *Mohawk Data Sciences Corp. v. Industrial Commission, supra.*

■ We also reject employer's contention that the Panel erred in not disqualifying claimant from the receipt of benefits pursuant either to § 8–73–108(5)(e)(VIII) (off-the-job use of not medically prescribed intoxicating beverages or controlled substances resulting in interference with job performance) or § 8–73–108(5)(e)(XX), C.R.S. (1986 Repl.Vol. 3B) (a general disqualifying subsection for conduct such as excessive tardiness and absenteeism, sleeping or loafing, or failure to meet established job performance). Even if we assume the evidence would support the application of either subsection, the record reflects that employer, in its discretion, terminated claimant prior to its discovery of any such grounds.

In *Gandy v. Industrial Commission*, 680 P.2d 1281 (Colo.App.1983), we interpreted *Kortz v. Industrial Commission*, 38 Colo.App. 411, 557 P.2d 842 (1976), to hold "that where an employee is separated for reasons justifying compensation, the employer may not rely on later discovered evidence of misconduct as a basis to contest an award of benefits." And, since the Panel's decision to award benefits pursuant to § 8–73–108(4), C.R.S., was supported by substantial evidence, we will not disturb it on review. *Mohawk Data Sciences Corp. v. Industrial Commission, supra.*

■ Finally, we are without authority to impose sanctions for a frivolous review petition in an unemployment proceeding, *see Haynes v. Interior Investments*, 725 P.2d 100 (Colo.App.1986), and even if we did have such authority we would conclude that employer's petition is not frivolous,

and so would deny claimant's request for attorney fees.

Order affirmed.

VAN CISE and STERNBERG, JJ., concur.