Sharon K. HEWLETT, Petitioner,

v.

COLORADO DIVISION OF EMPLOY-
MENT AND TRAINING, Longmont
Bakery Company, Inc., and the Indus-
trial Claim Appeals Office of the State
of Colorado, Respondents.

No. 87CA0859.

Colorado Court of Appeals,
Div. I.

Dec. 31, 1987.

Rehearing Denied Feb. 11, 1988.

Certiorari Granted April 25, 1988.

William E. Benjamin, Boulder, for peti-
tioner.

Duane Woodard, Atty. Gen., Charles B.
Howe, Chief Deputy Atty. Gen., Richard H.
Forman, Sol. Gen., and Angela M. Lujan,
Asst. Atty. Gen., Denver, for respondents
Colorado Div. of Employment and Training
and Indus. Claim Appeals Office.

No appearance for respondent Longmont
Bakery Co.

CRISWELL, Judge.

Claimant, Sharon Hewlett, seeks review
of the order of the Industrial Claim Ap-
peals Office (Panel) which denied her claim
for unemployment compensation benefits
on the ground that she quit for personal
reasons. We set aside the Panel's order
and remand for reconsideration.

Claimant and her husband were both em-
ployed by Longmont Bakery Company (the
employer). After her husband was as-
signed to work with another female em-
ployee, claimant's supervisor made various
harassing remarks to claimant, suggesting
an improper relationship between her hus-
band and the other employee. Although
claimant complained to higher officials of
the employer, no steps were taken to cause
this supervisor to cease this harassment
and it continued until claimant's employ-
ment terminated.

Claimant testified that she "put up with" the supervisor's harassment because she was fearful that, if she resigned her employment, or took further actions to stop the harassment, she might place her husband's employment in jeopardy. When her husband's employment was terminated by the employer, however, claimant quit the next day. She testified that the reason for her separation was the harassment which she had been subjected to and that, because of her husband's prior termination, she felt she was now free to resign.

These facts presented the basic issue whether claimant's separation resulted from harassment not related to her job, so that she would be entitled to benefits under § 8–73–108(4)(*o*), C.R.S. (1986 Repl.Vol. 3B), or from personal reasons not related to such harassment. *See* § 8–73–108(5)(e)(XXII), C.R.S. (1986 Repl. Vol. 3B). In concluding that claimant's separation resulted from personal reasons, the referee found that:

"The claimant would have continued to have tolerated the harassment as long as her husband was employed. The claimant's husband's separation was the *precipitating factor* for the claimant's leaving the position." (emphasis supplied)

Significantly, however, the referee made no finding whether claimant would have chosen to terminate her employment when her husband's employment was terminated, if she had not been subjected to the prior harassment.

On appeal to the Panel, it concluded that the evidence would not support a finding that claimant had acquiesced in the supervisor's harassment. It also concluded, however, that the record provided "substantial evidence from which the hearing officer *could* infer ... that the direct and proximate cause of claimant's separation was the fact that her husband was no longer working for the employer." (emphasis supplied)

Claimant argues that these findings and conclusions are not supported by the evidence. However, since we conclude that the referee and the Panel failed to apply the appropriate standard in evaluating this evidence, we do not reach that issue.

The public policy of the State of Colorado generally prohibits employment discrimination based upon sex. *See* § 24–34–402, C.R.S. (1982 Repl.Vol. 10). Federal policy contains similar prohibitions. *See* 42 U.S. C. § 2000e–2; 29 C.F.R. 1604.11(a) (1987); *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). Moreover, the provisions of § 8–73–108(4)(*o*), C.R.S. (1986 Repl.Vol. 3B) disclose a public policy to assure that the work place is to remain free of "personal harassment by the employer not related to the performance of the job." While the improper conduct here did not take the stereotypical form of sexual harassment, it was based upon claimant's gender and marital status and, thus, arguably contravened public policy.

Thus, the issue presented to the referee and the Panel was whether claimant's job separation resulted from the employer's violation of the above public policies or from claimant's personal choice. And, we conclude that where such a "dual motive" issue is presented, the burden of proof between the parties must be allocated, and the evidence must be considered, in the manner described in *Ward v. Industrial Commission,* 699 P.2d 960 (Colo.1985).

*Ward* concerned a claim that an employer had violated Colorado's "whistleblower act," § 24–50.5–101 et seq., C.R.S. (1987 Repl.Vol. 10). Relying upon *Mt. Healthy City School District v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), and *N.L.R.B. v. Transportation Management Corp.,* 462 U.S. 393, 103 S.Ct. 2469, 76 L.Ed.2d 667 (1983), our supreme court adopted a three-step test for determining whether a separation from employment had a justifiable basis or whether it resulted from the employee's exercise of protected rights. While *Ward* concerned statutorily protected actions of an employee, the three-step test should also be applied to determine whether the actions of an employer, which may be violative of public policy, resulted in the employment separation.

Thus, the employee must first prove that the employer's actions violated public policy and, second, that these actions played a "substantial" or "motivating" part in the employee's separation. If the employee meets this burden, the employer, if it is to escape liability, must show that the separation would have resulted even if it had not engaged in such activities. *See Ward v. Industrial Commission, supra.*

In this case, the referee's findings specifically acknowledged that claimant had been subjected to prohibited harassment. However, while the referee found that termination of claimant's husband was the "precipitating factor" in claimant's termination, no finding was made as to the part, if any, that the harassment to which she was subjected played in her termination. Contrary to the implication to be found in the Panel's decision, the referee did not find that this last event was the sole cause of claimant's separation.

Further, neither the referee nor the Panel considered whether the employer had proved that claimant would have terminated her employment, even if she had not been subjected to the prior harassment. However, if, upon remand, it is found that the employer's violation of public policy played a substantial part in claimant's termination, she will be entitled to receive unemployment benefits, unless the Panel concludes that the employer proved, by a preponderance of the evidence, that she "would have reached the same decision even in the absence of" such violation. *Ward v. Industrial Commission, supra.*

For the foregoing reasons, the order of the Panel is set aside and the matter is remanded to it for reconsideration of the present evidence and the adoption of further findings and conclusions consistent with the views contained herein.

PIERCE and METZGER, JJ., concur.