775 P.2d 97 (1989)
James F. ECKART, Petitioner,
v.
The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE of COLORADO, DIVISION of EMPLOYMENT AND TRAINING and Boulder Yellow Cab, Inc., Respondents.
No. 88CA1727.
Colorado Court of Appeals, Div. II.
May 18, 1989.
*98 William E. Benjamin, Boulder, for petitioner.
Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Karen E. Leather, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Div. of Employment and Training.
No Appearance for respondent Boulder Yellow Cab, Inc.
FISCHBACH, Judge.
James F. Eckart, claimant, seeks review of a final order of the Industrial Claim Appeals Office (Panel) which disqualified him from the receipt of unemployment compensation benefits. In denying benefits, the Panel applied § 8-73-108(5)(e)(I), C.R.S. (1986 Repl. Vol. 3B) because it found that claimant had quit as a result of his dissatisfaction with standard working conditions. Claimant challenges that finding. We affirm.
Claimant quit his employment as a mechanic for Boulder Yellow Cab (employer). At the hearing, claimant testified that he was unhappy with many aspects of his working conditions, which were causing him substantial stress. These included the loss of some of his benefits during the prior seven years, the pressure of maintaining an aging taxi fleet with used parts, the fact that he had been asked by management to change license plates from one taxi to another, which he had done, and the inconvenience of a temporary change in his working hours.
Approximately two weeks before he quit, claimant received a formal warning letter from his supervisor because a cab driver reported that claimant was being uncooperative in fixing his cab. Claimant denied this and was unhappy with the letter. About a week before he quit, claimant told his supervisor he was looking for another job. However, claimant had threatened to quit before.
The Friday before he quit claimant spoke to a member of the Board of Directors of the cab co-op and complained about the lack of adequate parts, his new hours, and the condition of the fleet vehicles. He did not mention being asked to change license plates. When the Board member told him that nothing could be done to help him, he threatened to quit. The Board member advised him to reconsider, but on the following Monday, claimant, without giving any reasons, told the manager of the Denver office that he was quitting.
On these undisputed facts, the hearing officer found that claimant resigned, not because of prior incidents involving license plates, but because of dissatisfaction with the working conditions and therefore disqualified claimant from the receipt of benefits. The Panel affirmed.
Claimant contends that the Panel erred in not awarding him benefits pursuant to § 8-73-108(4)(1), C.R.S. (1986 Repl. Vol. 3B). We disagree.
Section 8-73-108(4), C.R.S. (1986 Repl. Vol. 3B), provides:
"An individual separated from a job shall be given a full award of benefits if any of the following reasons and pertinent conditions related thereto are determined by the division to have existed....
....
"(1) Being instructed or requested to perform a service or commit an act which is in violation of an ordinance or statute...." (emphasis added).
Here, the hearing officer found that employer, approximately six times in the prior ten years, had requested that claimant change the license plates from one taxi to another, and claimant had done so. Claimant argues that because this activity was a violation of § 42-3-122, C.R.S. (1984 Repl. Vol. 17), and was found to have "existed," the hearing officer was required to award him benefits pursuant to § 8-73-108(4)(1). Implicit in claimant's argument is the contention that such award is mandated regardless of whether it was actually a motivating factor for his separation. We do not so construe § 8-73-108(4).
Our construction of § 8-73-108(4), C.R.S. (1986 Repl.Vol. 3B) is integrally related to the policies, general principles, and legislative *99 intent of the Colorado Employment Security Act. The legislative intent behind the act is that unemployment benefits are to be awarded to those eligible individuals who are unemployed through no fault of their own. Zelingers v. Industrial Commission, 679 P.2d 608 (Colo.App.1984).
Thus, the General Assembly has determined that although a person has the right to leave a job for any reason, the circumstances of his separation shall be considered in determining his entitlement to and the amount of benefits. Certain acts of employees which are the sole direct and proximate, or motivating cause of their unemployment may result in such individuals being disqualified from receiving benefits. See § 8-73-108(1), C.R.S. (1986 Repl.Vol. 3B); Colorado State Judicial Department v. Industrial Commission, 630 P.2d 102 (Colo.App.1981).
A claimant's entitlement to benefits, therefore, is determined by the reason for his separation from employment, which is a matter to be resolved by the trier of fact. See Mohawk Data Sciences Corp. v. Industrial Commission, 660 P.2d 922 (Colo.App.1983); Stavros v. Industrial Commission, 631 P.2d 1192 (Colo.App.1981); § 8-73-108(4), C.R.S. (1986 Repl.Vol. 3B). When ascertaining the reason for separation, the trier of fact must evaluate the totality of the evidence and determine the motivating factors in the employee's separation and then determine whether, based upon those factors, claimant is entitled to, or disqualified from, the receipt of benefits. See § 8-73-108(1), C.R.S. (1986 Repl.Vol. 3B); cf. Zelingers v. Industrial Commission, supra; Albaitis v. Industrial Commission, 44 Colo.App. 55, 609 P.2d 1118 (1980).
In light of these policies, we construe the statutory language at issue to mean that, before awarding benefits to a claimant, a hearing officer must not only determine that one of the qualifying reasons or conditions existed, but also that the qualifying reason or condition was a direct and proximate, or motivating factor in claimant's separation.
The hearing officer here did find that employer at various times had requested that claimant switch the license plates on two taxi cabs. However, the evidence was equivocal as to whether the request to switch the license plates was a motivating factor in claimant's decision to quit. On the totality of the evidence, the hearing officer concluded that claimant's general dissatisfaction with working conditions, and not the license plate switching, was the essential motivation for him to quit. That conclusion is sustainable under the evidence presented and, accordingly, is binding on review. Musgrave v. Eben Ezer Lutheran Institute, 731 P.2d 142 (Colo.App.1986).
We here interpret § 8-73-108(4) to require that an existing qualifying reason or condition be a direct or proximate cause of an employee's separation from employment in order that he be entitled to benefits. In so doing, we acknowledge that there may be more than one direct or proximate cause of separation. Therefore, we do not necessarily disagree with claimant's argument that, if an employee separates from employment for several "reasons" and any of the "reasons" might support an award of benefits, then he is entitled to benefits even if other "reasons" for separation would support a disqualification of benefits. See Hewlett v. Colorado Division of Employment & Training, 753 P.2d 791 (Colo.App.1987). Claimant's argument is inapposite here, however, because the hearing officer properly determined that the request to change the license plate was not a proximate or motivating "reason" for his separation.
Although we affirm the conclusion of the hearing officer, we do agree with claimant's assertion that the provisions of § 8-73-108(4)(1), C.R.S. (1986 Repl.Vol. 3B) do not mandate that a claimant must give notice to an employer that he intends to quit because he has been requested to perform an illegal act. However, we disagree with claimant's assertion that the hearing officer imposed such a requirement on claimant. The hearing officer's findings as to the lack of any complaints by claimant to *100 management concerning the switching of licenses properly went to the weight and credibility to be accorded to his assertion that being asked to do so was a motivating cause of his separation.
Also, we reject claimant's contention that the Panel engaged in initial fact-finding in its order. The Panel simply restated the obvious conclusion that the hearing officer accorded less weight and credibility to claimant's testimony that switching license plates was a direct cause of his separation than it did to the testimony concerning claimant's other reasons for separation. See Clark v. Colorado State University, 762 P.2d 698 (Colo.App.1988).
Order affirmed.
SMITH and STERNBERG, JJ., concur.